```
                                                                    1

 1                IN THE UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF ILLINOIS
 2                         EASTERN DIVISION

 3
    KEITH SNYDER, individually and on  ) Docket No. 14 C 8461
 4  behalf of all others similarly     )
    situated, et al.,                  )
 5                                     )
                    Plaintiff,         )
 6                                     )
              vs.                      )
 7                                     )
    OCWEN LOAN SERVICING, LLC,         )
 8                                     )
                    Defendant.         )
 9  KEITH SNYDER, et al.,              ) Docket No. 16 C 11675
                                       )
10                  Plaintiffs,        )
                                       )
11            vs.                      )
                                       )
12  U.S. BANK, N.A., et al.,           ) Chicago, Illinois
                                       ) October 9, 2018
13                  Defendant.         ) 9:33 o'clock a.m.

14
             TRANSCRIPT OF PROCEEDINGS - STATUS
15         BEFORE THE HONORABLE MATTHEW F. KENNELLY

16
    APPEARANCES:
17

18  For the Plaintiff:       BURKE LAW OFFICES, LLC
                             BY:  MR. ALEXANDER H. BURKE
19                           155 N. Michigan Ave, Suite 9020
                             Chicago, Illinois  60601
20
                             TERRELL MARSHALL LAW GROUP, PLLC
21                           BY:  MS. BETH E. TERRELL
                             936 North 34th Street, Suite 300
22                           Seattle, Washington  98103

23
    For Ocwen:               HUNTON & WILLIAMS, LLP
24                           BY:  MR. BRIAN V. OTERO
                             200 Park Avenue
25                           New York, NY 10166
```

```
 1  APPEARANCES (Cont'd):

 2
    For Wilmington Trust:       ALSTON & BIRD, LLP
 3                              BY:  MR. FRANK A. HIRSCH, JR.
                                555 Fayetteville Street, Suite 600
 4                              Raleigh, North Carolina  27601

 5                              PILGRIM CHRISTAKIS, LLP
                                BY:  MS. ANNA-KATRINA S. CHRISTAKIS
 6                              321 North Clark Street, 26th Floor
                                Chicago, Illinois  60654
 7

 8  For U.S. Bank and           MORGAN, LEWIS & BOCKIUS, LLP
    Deutsche Bank:              BY:  MR. KENNETH M. KLIEBARD
 9                              77 West Wacker Drive
                                Chicago, Illinois  60601-5094
10

11  Court Reporter:             MR. JOSEPH RICKHOFF
                                Official Court Reporter
12                              219 S. Dearborn St., Suite 1232
                                Chicago, Illinois  60604
13                              (312) 435-5562

14
                  * * * * * * * * * * * * * * * * *
15
                          PROCEEDINGS RECORDED BY
16                        MECHANICAL STENOGRAPHY
                        TRANSCRIPT PRODUCED BY COMPUTER
17

18

19

20

21

22

23

24

25
```

1          THE CLERK:  Case No. 14 C 8461, Snyder vs. Ocwen
2   Loan.
3          MR. BURKE:  Good morning, your Honor, Alex Burke for
4   plaintiff.
5          MS. TERRELL:  Beth Terrell for plaintiffs.
6          MR. OTERO:  Brian Otero for Ocwen.
7          MR. KLIEBARD:  Good morning, your Honor, Ken Kliebard
8   here for U.S. Bank and Deutsche Bank in the second case.
9          THE COURT:  Yeah, I probably should have put that
10  case on for status the same day.
11         So, what's the number of that case?  16 C something.
12  I could probably figure it out.
13         MR. HIRSCH:  Ours was 11675, your Honor.
14         THE COURT:  16 C 11675.  So, let's say we're doing a
15  status in the case today, too.
16         Okay.  Keep going.
17         MR. HIRSCH:  Frank Hirsch here, your Honor, for
18  Wilmington Trust.
19         MS. CHRISTAKIS:  Anna-Katrina Christakis here on
20  behalf of Wilmington Trust, as well.
21         THE COURT:  Okay.
22         So, what do we do now?
23         MS. TERRELL:  Good morning, your Honor.
24         We're looking at two tracks.  One is a litigation
25  track, going back to where we left off before your Honor

4

1   issued the preliminary approval order; and, the second is a
2   mediation, which we have scheduled for November 13th with
3   Judge Denlow.
4           THE COURT:  You're back with Judge Denlow again.
5           MS. TERRELL:  Yes.
6           THE COURT:  You said about a month from now,
7   basically?
8           MS. TERRELL:  Yeah.  November 13th.  Yeah.
9           MR. BURKE:  It's the first available date.
10          THE COURT:  Yeah, he's a busy guy.  And that's not
11  that far off.
12          Okay.  So, is the proposal to have me wait and see
13  how that goes or --
14          MS. TERRELL:  Well, we'd like to restart litigation,
15  as well.  But we wanted to check in with your Honor.
16          THE COURT:  So, if we were to go back to whatever
17  square that is -- hopefully, Square 14, not Square 1 -- what
18  would be the next thing that would happen?
19          MS. TERRELL:  The next thing would be we would file a
20  reply on class certification.
21          THE COURT:  So, that's where we were?
22          MS. TERRELL:  That's right.
23          THE COURT:  We were kind of in the middle of class
24  cert. briefing?
25          MS. TERRELL:  Correct.

1  THE COURT: Okay.
2  MS. TERRELL: And --
3  THE COURT: The next thing would be something that
4  you would do that really wouldn't involve them having to do
5  anything?
6  MS. TERRELL: Yes and no. There's some discovery,
7  and in particular with regard to the banks, that we would like
8  to -- we had started seeking discovery.
9  THE COURT: So, the class cert. motion -- and I'm
10 sorry, I need a reminder on this. The class cert. motion, was
11 it just the Snyder-Mansanarez case or was it also the case
12 against the banks?
13 MS. TERRELL: We were moving to certify against all
14 of the defendants.
15 MR. BURKE: Sort of -- it was filed in --
16 THE COURT: It was filed in the 14 -- it was filed in
17 the two earlier cases.
18 MR. BURKE: That's right, Judge. It was not -- I
19 don't think it was --
20 THE COURT: Wasn't filed in the --
21 MR. BURKE: -- formally filed --
22 THE COURT: -- second lawsuit with the banks?
23 MR. BURKE: That's right. But your Honor ordered the
24 banks to participate in briefing because the cases are so
25 linked.

1     MS. TERRELL: Right.
2     THE COURT: When they said I ordered it, do you mean
3 I told them they could file something if they wanted to?
4     MR. BURKE: Right, with the -- there was a
5 discussion --
6     THE COURT: Well, let me ask you this question, just
7 to get kind of down to brass tacks here: So, the request for
8 certification that's in the motion or in the end of the brief
9 or the beginning of the brief, or whatever it is, does it say
10 certify a class in the two lawsuits against the non-banks, or
11 does it also say certify a class in the suit against the
12 banks?
13    MS. TERRELL: Our motion was really directed at
14 Ocwen.
15    THE COURT: At?
16    MS. TERRELL: At Ocwen.
17    THE COURT: Ocwen.
18    MS. TERRELL: Yeah.
19    THE COURT: Okay.
20    So, that's a "No," in other words?
21    MS. TERRELL: That's a "No."
22    THE COURT: All right.
23    Is that consistent with your understanding?
24    MR. HIRSCH: I was just going to make clear that we
25 did not -- the trust defendants in the separate case --

7

1           THE COURT: Yeah.

2           MR. HIRSCH: -- we did not participate in briefing on

3 the --

4           THE COURT: Okay.

5           MR. HIRSCH: -- motion for class certification

6 because we didn't come to the party until really late. So, we

7 --

8           THE COURT: Yeah, but I do think that I said at some

9 point in time that if you wanted to file something, you could,

10 because there's an obvious -- a fairly obvious -- impact, if

11 you will. If I certify a class in the one, since the other

12 case -- I'm going to use this term loosely -- is more or less

13 derivative of the first one, it's likely that I would do so in

14 the other one and vice versa. In other words, if I didn't

15 certify it in the one, I probably wouldn't certify it in the

16 other one.

17           So, we got as far along as the response brief to

18 class certification -- which Ocwen filed, but you guys didn't

19 file anything?

20           MR. OTERO: That's right.

21           THE COURT: Okay.

22           MR. BURKE: And, then, also, your Honor --

23           THE COURT: So, what's the discovery that's still

24 needed to be done in order to file a reply?

25           MS. TERRELL: We don't need really much discovery to

1  file the reply.
2          THE COURT: Yeah, I know.
3          MS. TERRELL: There's some discussions we're having
4  --
5          THE COURT: Unless you say you need another one --
6          MS. TERRELL: -- about consent data with Ocwen.
7          THE COURT: Okay.
8          MS. TERRELL: But we would like -- we think we could
9  file the reply within, say, 45 days.
10         THE COURT: All right.
11         So, Mr. Otero, what are your thoughts?
12         MR. OTERO: Our thoughts are that we are committed,
13 as the plaintiffs are, to seeing this through with Judge
14 Denlow. We hope that that works out.
15         THE COURT: Are the banks involved in the mediation
16 with Judge Denlow?
17         MR. OTERO: I'm sorry?
18         THE COURT: The banks.
19         MR. HIRSCH: We were not, your Honor.
20         THE COURT: Why? Are you going to be? I mean, did
21 you guys read my opinion?
22         MR. HIRSCH: We did. We did read your opinion. And
23 we're prepared to say that when the mediation -- we just found
24 out about it yesterday when the date is set. But I think we
25 all plan on being at the mediation on the 13th.

1     MR. KLIEBARD:  That's correct, your Honor.

2          And one of the issues which I --

3     THE COURT:  Do you think or you're sure?

4     MR. HIRSCH:  Well, I haven't -- I intend to tell

5  my --

6     THE COURT:  Is it just a question about availability?

7     MR. HIRSCH:  No.  No.  I intend to -- my client can

8  say no way we're going to do that, but I'm going to instruct

9  my client that it's pretty clear from your order that you want

10 to see us there and that we should participate.

11    THE COURT:  Okay.

12         So, you were saying, Mr. Otero, put the pause button

13 on until the mediation.  That's basically what you're going to

14 tell me?

15    MR. OTERO:  Yeah.  That's what we think is

16 appropriate here.  We're hopeful that we can figure out a way

17 to address your Honor's concerns and, then, move forward

18 putting our energies into mediating.

19    THE COURT:  Here's what I think ought to happen.  So,

20 I think you ought to, on the plaintiff's side, crystallize

21 what exactly it is you would need to do -- think you would

22 need to do -- in order to file the reply on class

23 certification.  Put that in writing in some way.  Let whoever

24 it is know.

25         On the banks' side, you need to find out from your

1  clients whether you have permission to go to this mediation or
2  not and whether they're going to, you know, send a client
3  representative or whoever it is.  I don't know if it's an
4  insurance company or whatever.  You figure that out.
5        And, then, what I'd like to do is get maybe a status
6  report in about ten days or so, just kind of see what the
7  answers to those questions are; and, then, we can do a phone
8  conference after that and kind of figure out what to do from
9  there.  Okay?
10           MR. OTERO:  Yes, sir.
11           THE COURT:  So, this order should -- I would suggest
12  file a status report that has all three case numbers on it and
13  just file it in whatever cases you need to file it in.  I
14  think in the Snyder -- in the first two, you just need to file
15  it once, but then you need to file it in the bank case.
16           So, a joint status report, we're just going to say,
17  covering the subjects addressed in open court is to be filed
18  by a week from Friday.  It would be 19th of October.
19           Could you do a phone conference on -- one second
20  here.
21     (Brief pause.)
22           THE COURT:  Could you do something like -- is there
23  anybody -- you're, for the most part, east of here or here,
24  right?  There's nobody west of here?
25           MS. TERRELL:  Your Honor, I'm west of here, but I'm

1  used to early calls.
2          THE COURT:  Okay.  Can you do 8:30 on the 23rd of
3  October?
4          MR. OTERO:  Sure.
5          THE COURT:  Okay.  I think it would make sense, given
6  the number of parties, if somebody could set up a call-in
7  number and just let everybody know --
8          MS. TERRELL:  Yes, your Honor.
9          THE COURT:  -- including my office.
10         Okay.  Great.
11         Anything else we need to discuss that you can think
12 of?
13         MR. OTERO:  No, sir.
14         MS. TERRELL:  No, your Honor.
15         MR. KLIEBARD:  Just to clarify, your Honor, will the
16 stay of discovery remain in effect in the bank case until we
17 get a report --
18         THE COURT:  Well, at least until the 23rd of October,
19 yeah.
20         MR. KLIEBARD:  Okay.  Thank you, your Honor.
21         THE COURT:  Okay.  See you.  Thanks.
22         MS. TERRELL:  Thank you.
23         MR. BURKE:  Thank you.
24         MR. OTERO:  Thank you.
25                         *   *   *   *   *

1  I certify that the foregoing is a correct transcript from the
   record of proceedings in the above-entitled matter.
2

3
   /s/ Joseph Rickhoff                            October 18, 2018
4  Official Court Reporter