IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEITH SNYDER, SUSAN MANSANAREZ, and TRACEE A. BEECROFT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. BANK N.A., WILMINGTON TRUST, N.A., and DEUTSCHE BANK NATIONAL TRUST COMPANY, individually and in their capacities as trustees,<br><br>Defendants. | Case No. 1:16-cv-11675<br><br>(related *to Snyder v. Ocwen Loan Servicing LLC*, No. 1:14-cv-08461)<br><br>Honorable Matthew F. Kennelly |

## JOINT MOTION FOR PARTIAL STAY

Plaintiffs, Keith Snyder, Susan Mansanarez, and Tracee Beecroft, along with Defendants, U.S. Bank National Association ("U.S. Bank"), Deutsche Bank National Trust Company ("DBNTC"), and Wilmington Trust, N.A. ("Wilmington Trust"), respectfully jointly move this Court for a temporary stay of party discovery and a stay of briefing on Defendants' motion for partial judgment on the pleadings (Dkt. 86) for the shorter of 60 days or until Plaintiffs amend their complaint or inform the Court that they do not intend to do so.

As further explained below, U.S. Bank has determined that it was not the trustee for the Snyder loan. Plaintiffs have served third-party discovery in an effort to determine whether it would be appropriate to seek leave of Court to substitute a different defendant for U.S. Bank in an amended complaint. In order to avoid duplicative and unnecessary discovery and motion practice, the parties jointly request a partial stay so that this process can be completed. In support hereof, the parties state as follows:

1. Plaintiffs filed this putative class action alleging that Defendants are liable for Ocwen Loan Servicing, LLC's ("Ocwen") allegedly illegal automated phone calls.

2. Although this case was filed in 2016, the case was stayed pending the proposed settlement in *Snyder v. Ocwen Loan Servicing, LLC*, No. 14-cv-0846, also pending before this Court. As the Court will recall, the Court denied a motion in the Ocwen action for approval of a settlement that would have resolved the Ocwen action and this case. Thereafter Plaintiffs and Ocwen, amended their settlement to omit any release of the three Defendants in this action. Thereafter, the parties moved forward with litigating this case.

3. On December 12, 2018, Defendants filed their motion for partial judgment on the pleadings. (Dkt. 87). In that Motion, Defendants argued that as residential mortgage-backed securitization ("RMBS") trustees acting in their separate legal capacity as trustees, Defendants could not be sued in their personal capacity. Defendants also argued that an RMBS trustee acting as trustee for one trust acts in a separate legal capacity than when it acts as an RMBS trust for a different RMBS trust, so that scope of Defendants' potential liability was limited to loans in the three trusts associated with the named Plaintiffs' loans. Among other things, one reason Defendants filed that motion was to define the proper scope of discovery in the lawsuit.

4. For the reasons set forth below, on January 18, 2019, Plaintiffs moved to extend the briefing schedule on the motion for partial judgment on the pleadings. (Dkt. 95.) The Court granted that motion on January 22, 2019, extending the response date on that motion to February 8, 2019, and the reply date to February 22, 2019. (Dkt. 96.)

5. In addition, the parties served written (party and non-party) discovery, negotiated protocols for ESI, and began undertaking document collection and review. Notably, under the Court's scheduling order (Dkt. 82), fact discovery is set to close on April 30, 2019.

6. The reason for this Motion is that U.S. Bank recently determined that it was not the trustee for the Snyder loan notwithstanding Ocwen's previous statements to the contrary.

7. More specifically, prior information provided by Ocwen was that U.S. Bank acted as trustee for a residential mortgage-backed securitization trust that held Snyder's mortgage loan that is the subject of this lawsuit. That trust was identified to Plaintiffs by Ocwen as Greenpoint Mortgage Funding Trust 2005-HE2 ("GPMF 2005-HE2"). In recently reviewing the initial and prefunding mortgage loan schedules for GPMF 2005-HE2, U.S. Bank observed that the Snyder loan did not appear on either of those schedules, indicating that the Snyder loan was not conveyed to that trust. U.S. Bank believes its conclusion is further supported by the relevant timetable: GPMF 2005-HE2 closed on April 29, 2005, but the Snyder loan was not originated until the following year.

8. Based on further investigation, U.S. Bank determined that the Snyder loan appeared on the mortgage loan schedule for a different trust, namely, Greenpoint Mortgage Funding Trust 2007-HE1 ("GPMF 2007-HE1"). U.S. Bank has never been the trustee for GPMF 2007-HE1. The loan was charged off from GPMF 2007-HE1 in 2009. The information available to the parties does not enable Plaintiffs to identify who, if anyone, owned the loan in 2014 when the Ocwen phone calls were made.

9. Promptly after determining that the Snyder loan did not appear on the GMPF 2006-HE2 loan schedule, U.S. Bank states that it contacted Ocwen on or about January 9, 2019, to discuss this matter. Ocwen requested additional time to research the issue, which U.S. Bank agreed to subject to the caveat that any research be completed within one business day because U.S. Bank was eager to raise this issue with Plaintiffs' counsel. Thereafter, on January 15, 2019, after communicating with Ocwen, U.S. Bank raised this issue with Plaintiffs' counsel. Over the

following two weeks, U.S. Bank voluntarily shared with Plaintiffs the documents from which U.S. Bank concluded it was not the trustee for the trust that held the Snyder Loan, and responded to Plaintiffs' follow-up requests. In addition, U.S. Bank has requested that Plaintiffs dismiss U.S. Bank from the lawsuit.

10. In light of this development, Plaintiffs are attempting to identify the person or entity on whose behalf Ocwen was presumably acting when it allegedly placed the phone calls to Snyder in 2014.[1] Because that information is not available to the parties, Plaintiffs are pursuing third-party subpoenas in order to identify the owner and/or trustee of the Snyder Loan during the relevant time period. To that end, Plaintiffs have subpoenaed the entity that Plaintiffs understand serviced Snyder's loan before Ocwen, Real Time Resolutions, and a bank that Plaintiffs believe had an interest in the loan some years ago, Bank of America.

11. The parties have also discussed how best to manage the deadlines in the lawsuit while Plaintiffs pursue their discovery directed at finding a Defendant to replace U.S. Bank. From Plaintiffs' perspective, it does not make sense to brief and ask the Court to adjudicate Defendants' motion for partial judgment on the pleadings unless and until the substitution of Defendant(s) takes place. Plaintiffs are concerned that if they defeat that motion in whole or in part, any new Defendant will claim it is not bound by that order. Beyond that, a new Defendant might raise new issues beyond those raised in Defendants' motion, which then would result in successive motions challenging the pleadings. For that reason, the parties request that Defendants' motion for partial judgment on the pleadings be entered and continued until Plaintiffs file an amended complaint or, if Plaintiffs decide not to amend their complaint, until

---

[1] The issues raised here do not affect the settlement of the Ocwen lawsuit.

4

such time that Plaintiffs inform the Court and Defendants that Plaintiffs do not intend to amend their complaint.

12. Further, this development warrants a stay of party discovery. For one thing, U.S. Bank does not believe it is a proper Defendant, and does not wish to continue the expensive and time-consuming e-discovery process if it will be voluntarily dismissed from the case soon. So too, DBNTC and Wilmington Trust believe that discovery should be stayed pending the resolution of the motion for judgment on the pleadings. But beyond that, Defendants and Plaintiffs believe that any amendment to the complaint adding a new Defendant would almost certainly require extending the existing deadlines in the case. Thus, without a stay, the parties would be required to proceed on an aggressive fact discovery schedule that would likely include a number of fact witness depositions, some or all of which would have to be repeated if a new Defendant were added to the case and that new Defendant insisted (as we would expect) that it be allowed to re-depose those witnesses. In addition, expert discovery disclosures and discovery are scheduled to start the following month and close in August. Absent a stay, there is a possibility that any new Defendant would not be able to share experts with the remaining Defendants, and that Plaintiffs' expert(s) would be deposed twice. To avoid that scenario, the parties therefore request that party discovery similarly be stayed until the shortest of: (i) 60 days; (ii) when Plaintiffs file an amended complaint or, (iii) if Plaintiffs decide not to amend their complaint, until such time that Plaintiffs inform the Court and Defendants that Plaintiffs do not intend to amend their complaint (the "Stay Termination Date").

13. Granting the extension will not prejudice any party in this litigation. This Motion is made in good faith and is not brought for purposes of undue delay or any other improper purpose.

WHEREFORE, for the reasons stated above, the parties respectfully request that this Court: (1) stay briefing on and enter and continue Defendants' motion for partial judgment on the pleadings until the Stay Termination Date; (2) stay party fact discovery until the Stay Termination Date; (3) enter an appropriate amended scheduling order after these issues are resolved; and (4) provide such further and other relief as the Court deems just and proper.

Dated: February 7, 2019

Respectfully submitted,

*/s/ Kenneth M. Kliebard*
Kenneth M. Kliebard
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Dr., Suite 500
Chicago, IL 60601
Telephone: 312.324.1000
kenneth.kliebard@morganlewis.com

Michael S. Kraut (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178-0600
Telephone: 212.309.6000
michael.kraut@morganlewis.com

*Counsel for U.S. Bank National Association and Deutsche Bank National Trust Company*

*/s/ Frank A. Hirsch*
Frank A. Hirsch (admitted *pro hac vice*)
ALSTON & BIRD LLP
4721 Emperor Blvd., Suite 400
Durham, NC 27703
Telephone: 919.862.2200
frank.hirsch@alston.com

Katrina Christakis
PILGRIM CHRISTAKIS LLP
321 North Clark St.
Chicago, IL 60654
Telephone: 312.939.0920
kchristakis@pilgrimchristakis.com

*Counsel for Wilmington Trust, N.A.*

/s/Alexander H. Burke
Alexander H. Burke
Email: aburke@burkelawllc.com
Daniel J. Marovitch
Email: dmarovitch@burkelawllc.com
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
Telephone: (312) 729-5288

Beth E. Terrell (*pro hac vice*)
Email: bterrell@terrellmarshall.com
Adrienne D. McEntee (*pro hac vice*)
Email: amcentee@terrellmarshall.com
Jennifer R. Murray (*pro hac vice*)
Email: jmurray@terrellmarshall.com
TERRELL MARSHALL LAW GROUP PLLC
936 N. 34th St., Suite 300
Seattle, WA 98103
Telephone: (206) 816-6603

Mark L. Heaney
Email: mark@heaneylaw.com
HEANEY LAW FIRM, LLC
601 Carlson Pkwy., Suite 1050
Minnetonka, MN 55305
Telephone: (952) 933-9655

Guillermo Cabrera
Email: gil@cabrerafirm.com
THE CABRERA FIRM, APC
600 West Broadway, Suite 700
San Diego, CA 92101
Telephone: (619) 500-4880

Mark Ankcorn
Email: mark@ankcornlaw.com
ANKCORN LAW FIRM PLLC
1060 Woodcock Rd., Suite 128
Orlando, FL 32803
Telephone: (321) 422-2333

*Counsel for Plaintiffs*