IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEITH SNYDER, SUSAN MANSANAREZ, and TRACEE A. BEECROFT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. BANK N.A., WILMINGTON TRUST, N.A., and DEUTSCHE BANK NATIONAL TRUST COMPANY, individually and in their Capacities as Trustees,<br><br>Defendants. | Case No. 1:16-cv-11675<br><br>Hon. Judge Matthew Kennelly |

**JOINT STATUS REPORT**

In advance of the status hearing set for February 26, 2019, Plaintiffs Keith Snyder, Susan Mansanarez, and Tracee A. Beecroft, and Defendants, U.S. Bank N.A. ("U.S. Bank"), Wilmington Trust, N.A. ("Wilmington Trust"), and Deutsche Bank National Trust Company ("Deutsche Bank") (collectively the "Trustees"), submit this Joint Status Report to inform the Court on the progress of discovery and other matters in this case.

**I.     Background**

1.     This case was filed on December 28, 2016. Plaintiffs served their first set of written discovery on the Trustees on April 17, 2017. Wilmington Trust responded on July 12, 2017, and Deutsche Bank and U.S. Bank responded on July 17, 2017.

2.     Before any documents were exchanged, the case was stayed on August 14, 2017, pending approval of a proposed settlement in *Snyder v. Ocwen Loan Servicing, LLC*, No. 14-cv-08461 ("*Snyder I*"), which contemplated a release of Plaintiffs' claims against the Trustees. This

1

Court preliminarily approved the settlement in *Snyder I* on October 6, 2017 (Dkt. No. 265), but denied final approval on September 28, 2018 (Dkt. No. 334).

3. Following a mediation on November 13, 2018, the parties in *Snyder I* reached an amended settlement agreement, this time omitting any release of the Trustees. The parties in *Snyder I* submitted a motion for final approval of the amended settlement agreement on January 14, 2019 (Dkt. No. 350), which was orally approved by this Court on January 17, 2019.

## II.  Discovery Progress

4. In light of the Court's denial of final approval in *Snyder I*, on October 23, 2018, the Court lifted the stay in the instant case and entered the following discovery schedule (Dkt. No. 82):

- Close of fact discovery: April 30, 2019
- Deadline for Plaintiffs' Rule 26(a)(2) disclosures: May 31, 2019
- Deadline for Defendants' Rule 26(a)(2) disclosures: June 28, 2019
- Close of expert discovery: July 31, 2019
- Deadline for moving for class certification: August 30, 2019

### A.  Party and Non-Party Discovery

5. The Parties have made substantial progress with respect to fact discovery.

6. The Trustees served their first set of written discovery, including requests for production of documents, interrogatories, and requests for admission, on Plaintiffs on December 17, 2018. Plaintiffs responded on January 31, 2019.

7. With respect to Plaintiffs' written discovery that was served prior to the entry of the stay, counsel for all Parties met and conferred multiple times in November 2018 to discuss the

Trustees' document collection and production, including search terms, custodians, and anticipated timetables for production.

8. In addition, at the suggestion of counsel for the Trustees, counsel for the Parties met in New York City on November 5, 2018, so that counsel for the Trustees could assist Plaintiffs' counsel in understanding the securitization process for residential mortgage-backed securities.

9. On February 14, 2019, the Parties submitted a motion for a protective order along with a proposed protective order. (Dkt. No. 103). That motion is still pending. The Parties also submitted a separate proposed claw-back agreement under Federal Rule of Evidence 502(d), and have negotiated an ESI protocol.

10. **Plaintiffs** report that they been working diligently on discovery. They have responded to Defendants' discovery requests and completed their production of their own documents to the Trustees. Plaintiffs have noticed Fed.R.Civ.P. 30(b)(6) depositions, and are working with the Trustees to schedule such to take place in March. Plaintiffs have compiled the materials that were produced by Ocwen in the underlying case and are ready to "push the button" to produce them. However, Ocwen maintains that a protective order must be entered by the Court before this production may take place. Part of the delay here is that in October and November 2018, Plaintiffs understood that Ocwen did not want trustee-specific sensitive documents shared among all three Trustees. It turns out, though, that Ocwen does not object as long as the requested protective order is entered.

11. Plaintiffs have also served discovery on various non-parties in an effort to identify the person or entity on behalf of whom Ocwen was acting when it allegedly placed the phone calls at issue to Snyder. The process of sorting these matters out is complex because Snyder had several different loans on the subject property over the course of the past twenty years, and those loans

have passed through many entities' hands during that time. Snyder does not believe he was notified each time these loans passed from trustee to trustee or portfolio to portfolio over the years, and it appears that the loan numbers almost always changed when the loans were transferred in and out of trusts, or when the servicer changed.

12. On January 30, 2019, Plaintiffs subpoenaed Real Time Solutions, Inc. ("RTS"), which serviced Snyder's loan before Ocwen. RTS produced responsive documents on February 12, 2019, and has substantially complied with the subpoena, although Plaintiffs understand that RTR is still searching for any remaining responsive materials.

13. Plaintiffs also served a subpoena on Bank of America. Prior to the Court's last status hearing, Plaintiffs had agreed to grant BANA an extension to respond by February 15, 2019. However, when Plaintiffs didn't receive any materials by that date – including after several unreturned phone calls – they filed a motion to compel compliance against BANA on February 18, 2019. (Dkt. No. 105). It was later discovered that BANA had sent certain responsive materials to Plaintiffs' process server's address, and so Plaintiffs did not receive the production until February 20, 2019. BANA produced responsive loan origination documents, but it has not produced any data concerning the loan. Plaintiffs have repeatedly tried to meet and confer with BANA concerning its production, both before and after the motion to compel was filed, but the BANA subpoena processing representatives have not been substantially helpful and have failed to return several phone calls, and BANA has apparently not yet assigned the file to a lawyer that can speak on BANA's behalf. On February 22, 2019, a BANA representative told Plaintiff's counsel that the file and motion to compel are "being reviewed" but would not (or could not) tell counsel who was doing the review. Plaintiffs' counsel provided his cell number to BANA, and asked for a call back anytime, including nights and weekends.

14. Plaintiffs also subpoenaed GreenPoint Mortgage Funding, Inc. ("GreenPoint")—the namesake of the GreenPoint Mortgage Funding Trusts—regarding the Snyder loan. GreenPoint's subpoena response is due on March 1, 2019.

15. Plaintiffs' current belief is that Bank of America was involved as master servicer and either U.S. Bank or Wilmington may have been the trustee for Snyder's loan at the time of Ocwen's calls. However, Plaintiffs believe that the Snyder loan was probably in a different trust than Ocwen believed, and it appears that the loan was not supposed to be serviced because it had been charged off. Plaintiffs are currently still unsure whether Ocwen had any right to service Snyder's loan at all.

16. **Wilmington Trust** reports that it ran the electronic searches that the Parties had discussed, and collected and reviewed those documents. Wilmington Trust also collected and reviewed potentially relevant hard copy documents. On February 22, 2019, Wilmington Trust made an initial production with these documents to Plaintiffs. Wilmington Trust anticipates completing its production by March 1, 2019.

17. **Deutsche Bank** reports that it is producing non-privileged documents containing Plaintiffs' proposed search terms as discussed by the Parties. On February 22, 2019, Deutsche Bank made an initial production of these documents to Plaintiffs. Deutsche Bank is also currently reviewing additional documents containing the certain search terms for confidentiality and/or privilege, and it will be producing those documents to Plaintiffs shortly. Finally, on February 21, 2019, counsel for Deutsche Bank and Plaintiffs discussed a category of hard-copy documents that Deutsche Bank does not believe contain relevant information, and which the parties are further discussing in order to avoid imposing an undue burden on Deutsche Bank.

18. **U.S. Bank** has been working informally with Plaintiffs to determine what happened with Snyder's loan. On February 12, 2019, the Court granted in part the Trustees' motion for a stay, staying all discovery with respect to U.S. Bank. (Dkt. No. 102).

**B.  Cooperation on Identifying Owner of Snyder Loan**

19. As the Court is aware, in early January 2019, U.S. Bank informed Plaintiffs that U.S. Bank did not believe it was the trustee for the trust that is alleged to have held the loan for Plaintiff Snyder at the time the calls were made to Snyder in 2014 in alleged violation of the TCPA. On February 19, 2019, counsel for all of the parties participated in a meeting that lasted approximately one hour so that U.S. Bank's counsel could share information it had obtained from its own files and from public sources as to the status and ownership of the Snyder loan. In addition, Plaintiffs provided information that they had obtained. The meeting was cooperative and professional. Afterwards, U.S. Bank's counsel memorialized for Plaintiffs the key points that had been discussed in the meeting, and provided relevant documentation to Plaintiffs' counsel.

20. The parties are continuing to share and discuss additional information as it becomes available.

Dated: February 22, 2019                                Respectfully submitted,

*/s/ Kenneth M. Kliebard (w/permission)*
Kenneth M. Kliebard
Email: kenneth.kliebard@morganlewis.com
William J. Kraus
Email: william.kraus@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
77 W. Wacker Dr., Suite 500
Chicago, IL 60601
Telephone: (312) 324-1000

*/s/ Alexander H. Burke (w/permission)*
Alexander H. Burke
Email: aburke@burkelawllc.com
Daniel J. Marovitch
Email: dmarovitch@burkelawllc.com
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
Telephone:  (312) 729-5288

Facsimile: (312) 324-1460

Michael S. Kraut (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178-0600
Telephone: 212.309.6000
michael.kraut@morganlewis.com

*Counsel for Defendants*
*U.S. Bank N.A. and*
*Deutsche Bank Nat'l Trust Co.*

 */s/ Frank A. Hirsch, Jr.*
Frank A. Hirsch, Jr.
Email: frank.hirsch@alston.com
Kelsey L. Kingsbery
Email: kelsey.kingsbery@alston.com
Sarah R. Cansler
Email: sarah.cansler@alston.com
ALSTON & BIRD LLP
555 Fayetteville St., Suite 600
Raleigh, NC 27601
Telephone: (919) 862-2200

Anna-Katrina S. Christakis
Email: kchristakis@pilgrimchristakis.com
Jennifer L. Majewski
Email: jmajewski@pilgrimchristakis.com
PILGRIM CHRISTAKIS LLP
321 N. Clark St., 26th Floor
Chicago, IL 60654
(312) 939-0920

*Counsel for Defendant Wilmington Trust, N.A.*

Facsimile: (312) 729-5289

Beth E. Terrell (*pro hac vice*)
Email: bterrell@terrellmarshall.com
Adrienne D. McEntee (*pro hac vice*)
Email: amcentee@terrellmarshall.com
TERRELL MARSHALL LAW GROUP PLLC
936 N. 34th St., Suite 300
Seattle, WA 98103
Telephone: (206) 816-6603

Mark L. Heaney
Email: mark@heaneylaw.com
HEANEY LAW FIRM, LLC
601 Carlson Pkwy., Suite 1050
Minnetonka, MN 55305
Telephone: (952) 933-9655

Guillermo Cabrera
Email: gil@cabrerafirm.com
THE CABRERA FIRM, APC
600 W. Broadway, Suite 700
San Diego, CA 92101
Telephone: (619) 500-4880

Mark Ankcorn
Email: mark@ankcornlaw.com
ANKCORN LAW FIRM PLLC
1060 Woodcock Rd., Suite 128
Orlando, FL 32803
Telephone: (321) 422-2333

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on February 22, 2019, I caused the foregoing to be electronically filed with the Clerk of the United States District Court for the Northern District of Illinois using the CM/ECF system, which will send notification of such filing to all counsel of record.

        WILMINGTON TRUST, N.A.

        */s/ Frank A. Hirsch, Jr.*
        Frank A. Hirsch, Jr.
        Email: frank.hirsch@alston.com
        Kelsey L. Kingsbery
        Email: kelsey.kingsbery@alston.com
        Sarah R. Cansler
        Email: sarah.cansler@alston.com
        ALSTON & BIRD LLP
        555 Fayetteville St., Suite 600
        Raleigh, NC 27601
        Telephone: (919) 862-2200