**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KEITH SNYDER, SUSAN MANSANAREZ, and TRACEE A. BEECROFT, individually and on behalf of all others similarly situated,<br>    Plaintiffs,<br><br>    v.<br><br>U.S. BANK N.A., WILMINGTON TRUST, N.A., and DEUTSCHE BANK NATIONAL TRUST COMPANY, individually and in their Capacities as Trustees,<br>    Defendants. | Case No. 1:16-cv-11675<br>(related to *Snyder v. Ocwen Loan Servicing LLC*, No. 1:14-cv-08461)<br><br>Hon. Judge Matthew F. Kennelly |

**PLAINTIFFS' MOTION TO COMPEL CAPITAL ONE AND GREENPOINT
OR ALTERNATIVELY FOR RULE TO SHOW CAUSE**

On March 21, 2019, the Court directed Plaintiffs to file a motion for an order to show cause regarding any non-compliant subpoena recipient by March 29, 2019. Dkt. 118. Plaintiff did not file this motion as to Capital One, N.A. ("Capital One") or GreenPoint Mortgage Funding, Inc. ("GreenPoint") (collectively, "Respondents") at that time, because it was not yet clear they were delinquent.

However, since March 29, 2019, Respondents have stopped responding to meet and confer communications about the subpoena, and it would appear that they have data that has not yet been produced. Plaintiffs therefore request that the Court compel Respondents to respond completely, or alternatively, to show cause why they have not responded completely. In support, Plaintiffs state:

    1.    This class action seeks redress for nonconsensual, automated calls Defendants caused to be made to the cell phones of Plaintiffs and others, in violation of the Telephone

Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Defendants are the trustees and banks for the loans on which Ocwen Loan Servicing, LLC ("Ocwen") was collecting when it made the calls at issue.

2. In January 2019, Plaintiff's counsel were informed by defense counsel that Defendant U.S. Bank N.A. ("U.S. Bank") does not believe it is the trustee for the trust applicable to Plaintiff Snyder's mortgage. Since then, Plaintiffs' counsel have proceeded to issue multiple subpoenas in an attempt to identify the trustee and other related parties applicable to Plaintiff Snyder's loan, in anticipation of moving for leave to amend their complaint to replace U.S. Bank as a defendant, if appropriate.

3. Based on information provided by U.S. Bank's counsel and through third-party discovery, Plaintiffs understand that GreenPoint was the servicer for the Snyder loan in question in around 2009, and that Capital One subsequently acquired GreenPoint. Plaintiff subpoenaed both Capital One and GreenPoint to attempt to obtain their relevant data and documents pertaining to the Snyder loan. Exhibit A (Capital One subpoena); Exhibit B (GreenPoint subpoena).

4. Capital One / GreenPoint produced some basic loan documents pursuant to the subpoena on March 27, 2019. However, because Greenpoint was the servicer for the loan, it should have servicing data that has not yet been produced.

5. Plaintiffs' subpoena to Capital One is valid. It was issued out of the Northern District of Illinois, and was properly served at a Chicago address, with production to be made on Plaintiffs' counsel in Chicago. Fed. R. Civ. P. 45(c)(2)(A). Exhibit A. Plaintiffs' subpoena to GreenPoint was, likewise, issued out of the Northern District of Illinois, and served on GreenPoint on its registered agent in Virginia, where it is headquartered. Exhibit B. However,

given the acquisition of GreenPoint by Capital One, whatever information is in GreenPoint's files is within the possession, custody and control of Capital One.

6. After the March 27, 2019, production, Plaintiffs attempted to meet and confer with Capital One, both by emailing and by calling the subpoena specialist on the file, Corey Chichester. However, emails have not been returned, and Mr. Chichester's voice mail states that it is full.

7. The scope of discovery permissible under the Federal Rules of Civil Procedure is broad: Parties may generally obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Indeed, "'[t]he Federal Rules … strongly favor full discovery whenever possible[.]" *Republic of Ecuador v. Hinchee*, 741 F.3d 1185, 1189 (11th Cir. 2013), and this includes in relation to third-party subpoenas like the one at issue here. *Golden v. Am. Pro Energy*, No. 16-891, 2018 WL 1426341, at *2 (C.D. Cal. Feb. 15, 2018) ("A non-party is subject to – and will be required to comply with – a valid, properly served Rule 45 subpoena.").

8. Plaintiffs subpoenaed Capital One and GreenPoint in order to understand what happened to Plaintiff Snyder's loan applicable to this action, as well as to identify the trustee, servicer, and other pertinent parties associated with it. This will allow Plaintiffs to (1) confirm U.S. Bank's assertion that it is not the trustee associated with Snyder's loan, and (2) identify the proper trustee and other pertinent parties that may be appropriately added as defendants based on their affiliation with the illegal, automated calls Snyder received.

9. The requested materials are highly relevant to Plaintiffs' claims, because they likely show information concerning what happened with the loan in and around 2008-2014, including for example to whom the make-whole payment was made (i.e., the creditor).

WHEREFORE, pursuant to the Court's directive of March 21, 2019, Dkt. 118, Plaintiffs respectfully request that the Court issue an order directing Capital One / GreenPoint to show cause for its failure to comply with Plaintiffs' subpoena served on it in this action, and to grant such other and further relief the Court deems reasonable and just.

Respectfully submitted,

Dated: April 10, 2019

KEITH SNYDER, SUSAN MANSANAREZ, and TRACEE A. BEECROFT, individually and on behalf of all others similarly situated

By: */s/ Alexander H. Burke*

Alexander H. Burke
Email: aburke@burkelawllc.com
Daniel J. Marovitch
Email: dmarovitch@burkelawllc.com
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
Telephone: (312) 729-5288

Beth E. Terrell (*pro hac vice*)
Email: bterrell@terrellmarshall.com
Adrienne D. McEntee (*pro hac vice*)
Email: amcentee@terrellmarshall.com
Jennifer R. Murray (*pro hac vice*)
Email: jmurray@terrellmarshall.com
TERRELL MARSHALL LAW GROUP PLLC
936 N. 34th St., Suite 300
Seattle, WA 98103
Telephone: (206) 816-6603

Mark L. Heaney
Email: mark@heaneylaw.com
HEANEY LAW FIRM, LLC
601 Carlson Pkwy., Suite 1050
Minnetonka, MN 55305
Telephone: (952) 933-9655

Guillermo Cabrera
Email: gil@cabrerafirm.com
THE CABRERA FIRM, APC
600 West Broadway, Suite 700
San Diego, CA 92101
Telephone: (619) 500-4880

Mark Ankcorn
Email: mark@ankcornlaw.com
ANKCORN LAW FIRM PLLC
1060 Woodcock Rd., Suite 128
Orlando, FL 32803
Telephone: (321) 422-2333

*Counsel for Plaintiffs*

## CERTIFICATION OF CONFERRAL

Pursuant to Fed. R. Civ. P. 37(a)(1) and L.R. 37.2, the undersigned certifies that despite attempting to consult in good faith to attempt to obtain the discovery identified herein without court action—including via a written request for a telephonic meet-and-confer sent by e-mail to Capital One's representative Corey Chichester on April 8, 2019, multiple attempts at calling Mr. Chichester but receiving a full voicemail message, and a final request for production in the morning of April 10, 2019—Plaintiffs' counsel's attempts to engage in such consultation were unsuccessful due to no fault of counsel's.

                                                                                            */s/ Alexander H. Burke*

## CERTIFICATE OF SERVICE

I hereby certify that, on April 10, 2019, I caused the foregoing to be electronically filed with the Clerk of the United States District Court for the Northern District of Illinois using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                                                                            */s/ Alexander H. Burke*