IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEITH SNYDER, SUSAN MANSANAREZ, and TRACEE A. BEECROFT, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br>  v.<br><br>U.S. BANK N.A., WILMINGTON TRUST, N.A., CITIBANK, N.A., and DEUTSCHE BANK NATIONAL TRUST COMPANY, individually and in their Capacities as Trustees,<br><br>     Defendants. | NO. 1:16-cv-11675<br><br>Class Action<br><br>Jury Trial Demand<br><br>Honorable Matthew F. Kennelly |

## DECLARATION OF BETH E. TERRELL IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

I, Beth E. Terrell, declare as follows:

1. I am a member of the law firm of Terrell Marshall Law Group PLLC ("TMLG"), counsel of record for Plaintiff in this matter. I am admitted to practice before this Court and am a member in good standing of the bars of the states of Washington and California. I respectfully submit this declaration in support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement. Except as otherwise noted, I have personal knowledge of the facts set forth in this declaration, and could testify competently to them if called upon to do so.

### Our Work on the Case

2. Before filing this action, Tracee Beecroft and other consumers sued Ocwen, alleging that Ocwen used an Aspect autodialer to make millions of debt-collection calls to the cellular telephones of Plaintiff and other consumers without first obtaining prior express consent,

or after having revoked consent. *See Snyder, et al. v. Ocwen Loan Servicing, LLC*, No. 1:14-cv-08461, DE #1 (N.D. Ill.). On November 17, 2016, several years into the Ocwen Lawsuit, Ms. Beecroft and the other plaintiffs asked for permission to amend the complaint to add claims against DBNTC and other residential mortgage-backed securitization ("RMBS") trustees that held securitized mortgage loans serviced by Ocwen (the "Trustees"). *Id.* at DE #110. The plaintiffs alleged that the trusts included loans of Ms. Beecroft and proposed class members in the Ocwen Lawsuit. Ms. Beecroft alleged that the debt-collection calls Ocwen made violated the TCPA and were made on the Trustees' behalf and that DBNTC was directly and vicariously liable under the TCPA. *Id.* This Court denied the request to amend as untimely. *Snyder*, at DE #126. Ms. Beecroft and the other plaintiffs then filed this lawsuit. DE #1. In their Complaint, Ms. Beecroft and the other plaintiffs alleged that the Trustees were both directly and vicariously liable for the calls that Ocwen placed.

3.      After the Complaint was filed, Plaintiff successfully defeated DBNTC's Motion for Judgment on the Pleadings. The parties then exchanged initial disclosures, Plaintiff next served interrogatories, requests for production of documents, and requests for admission, to which Defendant responded. Through these discovery requests, Plaintiff obtained and analyzed information, including contracts and correspondence.

4.      Plaintiff served a second set of requests for production seeking information regarding (1) the relationship between the loans DBNTC held in trust and Ocwen and (2) any knowledge that DBNTC had about any alleged violations of the law by Ocwen. Overall, DBNTC produced over 25,000 pages of documents. Plaintiff's counsel used this discovery to evaluate the strength of the claims and defenses in the action.

5. Plaintiff also responded to interrogatories, requests for production, and requests for admission propounded by Defendant. And the parties exchanged information during the mediation process, including information relating to the number of debtors with loans held in trusts administered by DBNTC that may have received calls from Ocwen.

6. On June 13, 2019, the Trustees moved for summary judgment, arguing that the revised settlement with Ocwen extinguished Beecroft's claims. DE #136. On July 14, 2019, this Court denied DBNTC's attempt to dismiss Beecroft's vicarious liability claim (DE #157) and subsequently denied the Trustees' request to certify the question to the Seventh Circuit (DE #162). However, this Court granted dismissal of Beecroft's claims that DBNTC was directly liable for the claims asserted in the litigation.

7. On August 29, 2019, following failed informal settlement negotiations, the parties attended mediation with JAMS mediator, Robert A. Meyer, where the parties reached agreement on material terms and executed a term sheet.

8. The parties notified the Court of the Settlement on September 4, 2019. ECF No. 167.

9. Plaintiff's counsel conducted confirmatory discovery prior to finalizing the Settlement Agreement. Specifically, Plaintiff's counsel deposed DBNTC's Rule 30(b)(6) representative, Vice President Ronaldo Reyes, who testified that DBNTC team members did not recall receiving complaints or seeing documentation related to Ocwen's alleged practice of calling borrowers without consent, or Ocwen's alleged violation of the Telephone Consumer Protection Act, and that DBNTC did not have any oversight role over Ocwen as a mortgage loan servicer.

10.     Plaintiff's counsel also deposed DBNTC's expert, Elaine Smith, who explained the steps she took to identify the Settlement Class Members. Namely, Ms. Smith started with Ocwen's calling data, reviewed Ocwen's investor code data, which purported to identify which loans were held in which RMBS trusts and which entity acted as trustee for each of the trusts, and identified unique cell phone numbers called during the class period that Ocwen associated with loans that purportedly were held in trusts that DBNTC administered.

11.     Finally, DBNTC answered a confirmatory interrogatory regarding the types of differences in the separate agreements that govern RMBS trusts for which DBNTC serves as trustee.

12.     Following confirmatory discovery, the parties executed the Settlement Agreement, a copy of which is attached as **Exhibit 1.**

13.     If any amounts remain in the Settlement Fund after distribution is complete, including any second distribution, the parties request that the Court direct those funds to be disbursed *cy pres* to Public Justice Foundation, a non-profit organization. Part of Public Justice's mission is to "challenge predatory corporate conduct." More information about the organization is available on its website, https://www.publicjustice.net.

**Background and Experience**

14.     TMLG is a law firm in Seattle, Washington, that focuses on complex civil and commercial litigation with an emphasis on consumer protection, product defect, civil rights, employment, wage and hour, real estate, and personal injury matters. The attorneys of TMLG have extensive experience in class actions, collective actions, and other complex matters. They have been appointed lead or co-lead class counsel in numerous cases at both the state and federal level. They have prosecuted a variety of multi-million-dollar consumer fraud, civil rights, wage

and hour, and product defect class actions. The defendants in these cases have included companies such as Wal-Mart, Microsoft, Best Buy, Toyota, Honda, Sallie Mae, Comcast, ABM Industries, Inc., AT&T, T- Mobile USA, Weyerhaeuser, Behr Products, American Cemwood, Bank of America, Discover Financial Services, Capital One, and HSBC.

15.    TMLG has actively and successfully litigated class action lawsuits under the Telephone Consumer Protection Act ("TCPA"). TMLG has taken the lead in some of the largest nationwide class actions filed under the TCPA, including those filed against large financial institutions such as Sallie Mae, Bank of America, Discover Financial Services, Capital One, and HSBC. I have been appointed co-lead counsel in two of the largest MDLs involving TCPA claims, *In re Capital One Telephone Consumer Protection Act Litigation*, 1:12-cv-10064 (N.D. Illinois), and *In re Monitronics International, Inc. Telephone Consumer Protection Act Litigation*, MDL No. 1:13-MD-2493 (N.D. W. Va.).

16.    TMLG is litigating or has recently settled the following Telephone Consumer Protection Class Actions:

- *In re Capital One Telephone Consumer Protection Act Litigation*— Filed on behalf of consumers who received automated, prerecorded collection telephone calls on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* I served as court-appointed Interim Co-Lead Counsel; final approval of the $75,455,098.74 settlement was granted in February 2015.

- *In re Monitronics International, Inc. Telephone Consumer Protection Act Litigation*—Filed on behalf consumers who received automated, prerecorded solicitation telephone calls on their residential and business telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, the Washington Automatic Dialing and Announcing Device statute, RCW 80.36.400, and the Washington Consumer Protection Act, RCW 19.86 *et seq.* I serve as co-lead counsel in the MDL. The case settled on a class-wide basis in 2017 for $28,000,000, and final approval was granted on June 12, 2018.

- *Abante Rooter and Plumbing, Inc., et al. v. Alarm.com Incorporated, et al.*—TMLG represents two certified classes of consumers who received automated solicitation telephone calls on their cellular and residential telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* The case settled on a class-wide basis for $28,000,000 and final approval was granted on August 13, 2019.

- *Snyder v. Ocwen Loan Servicing, LLC*—Filed on behalf of consumers who received automated collection telephone calls on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* The case settled on a class-wide basis for $21,500,000 and was finally approved in the United States District Court for the Northern District of Illinois on June 4, 2019.

- *Abante Rooter and Plumbing, Inc. v. Pivotal Payments Inc*— Filed on behalf of small businesses that received automated solicitation telephone calls to their cell phones. The case settled on a class-wide basis for $9 million and final approval was granted by the United States District Court for the Northern District of California in October 2018.

- *Charvat v. Plymouth Rock Energy*—Filed on behalf of consumers who received automated solicitation telephone calls on their cellular and residential telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* and/or to telephone numbers registered on the National-Do-Not-Call Registry. The case was finally approved in the United States District Court for the Eastern District of New York on July 31, 2018.

- *Melito v. American Eagle Outfitters, Inc.*—Filed on behalf of consumers who received spam text messages on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* The case settled on a class-wide basis in 2016 for $14,500,000, and final approval was granted by the United States District Court for the Southern District of New York in September 2017. The United States Court of Appeals for the Second Circuit affirmed the settlement on April 30, 2019. *Melito v. Experian Mktg. Sols., Inc.*, 923 F.3d 85 (2d Cir. 2019)

- *Ashack v. Caliber Home Loans*—Filed on behalf of consumers who received automated, prerecorded collection telephone calls on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227

*et seq.* TMLG negotiated a nationwide settlement in 2016 for $2,895,000, and final approval was granted in June 2017.

- *Joseph v. TrueBlue Inc.*—Filed on behalf of consumers who received spam text messages on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* The case settled on a class-wide basis in 2016 for $5,000,000, and final approval was granted in March 2017.

- *Gehrich v. Chase Bank USA*—Filed on behalf of consumers who received automated, prerecorded collection telephone calls on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* TMLG negotiated a $34,000,000 nationwide settlement; final approval was granted in March 2016.

- *Ott v. Mortgage Investors Corporation*—Filed on behalf of consumers who received automated solicitation telephone calls on their cellular and residential telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* TMLG negotiated a $7,483,600 class-wide settlement and final approval was granted in January 2016.

- *Wilkins v. HSBC Bank Nevada, N.A.*—Filed on behalf of individuals who alleged that HSBC made prerecorded calls using an automatic dialing system. The case settled on a class-wide basis in 2014 for $39,975,000, and final approval was granted in March 2015.

- *Rose v. Bank of America Corp.*—Filed on behalf of consumers who received automated, prerecorded collection telephone calls on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* TMLG negotiated a nationwide settlement of $32,083,905, which was granted final approval in August 2014.

- *Steinfeld v. Discover Financial Services*—Filed on behalf of consumers who received automated, prerecorded collection telephone calls on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* TMLG negotiated an $8.7 million settlement, which was granted final approval in March 2014.

- *Arthur v. Sallie Mae, Inc.*—Filed on behalf of consumers who received automated, prerecorded collection telephone calls on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*

TMLG negotiated a $24.15 million nationwide settlement, and final approval was granted in 2012.

17.     I am the lead attorney from TMLG in the instant litigation. A founding member of TMLG, I concentrate my practice in complex litigation, including the prosecution of consumer, defective product, and wage and hour class actions. I have served as co-lead counsel on numerous multi-state and nationwide class actions. I also handle a variety of employment issues including employment discrimination, restrictive covenant litigation, and pre-litigation counseling and advice.

18.     I received a B.A., magna cum laude, from Gonzaga University in 1990. In 1995, I received my J.D. from the University of California, Davis School of Law, Order of the Coif. Prior to forming TMLG in May 2008, I was a member of Tousley Brain Stephens PLLC. I am a frequent speaker at legal conferences on a wide variety of topics including consumer class actions, employment litigation, and electronic discovery, and I have been awarded an "AV" rating in Martindale Hubble by my peers.

19.     I am actively involved in several professional organizations and activities.  For example, I currently am an Eagle Member of the Washington State Association of Justice ("WSAJ").  I am the current Chair of the Washington Employment Lawyers Association, Chair of the Northwest Consumer Law Center, and President of the Public Justice Foundation.

20.     I have been repeatedly named to the annual Washington Super Lawyers list. I have also been named to the Top 100 Washington Super Lawyers list and the Top 50 Women Super Lawyers list.

21.     **Jennifer Rust Murray** was another key member of the legal team. She is a founding member of TMLG. Ms. Murray graduated from the University of Washington School of Law in 2005 where she was a member of the Washington Law Review. Ms. Murray's law

review article entitled "Proving Cause in Fact under Washington's Consumer Protection Act: The Case for a Rebuttable Presumption of Reliance" won the Carkeek prize for best submission by a student author. Prior to law school, Ms. Murray earned a Ph.D. in Philosophy from Emory University. Ms. Murray has been an active member of the Washington State Bar Association since her admission to the bar in 2005. In 2010, Ms. Murray was admitted to the Oregon State Bar. In 2011, 2012, 2013, 2014, and 2015, Ms. Murray was named a Washington "Rising Star" by SuperLawyer Magazine. Ms. Murray focuses her practice on complex commercial litigation with an emphasis on consumer and employment issues. She has been involved in nearly every class action prosecuted by the firm.

22.     **Adrienne D. McEntee** is a member of TMLG. Ms. McEntee graduated from the University of Washington School of Law in 2003, where she was a member of the Pacific Rim Law and Policy Journal and Moot Court Honor Board. Prior to joining TMLG, Ms. McEntee was a member of Tousley Brain Stephens PLLC, where she practiced for five years. Before entering private practice, Ms. McEntee worked with the King County Prosecuting Attorney's Office, where she prosecuted a broad range of crimes. Ms. McEntee has tried approximately fifty cases and has briefed, argued, and won cases before the Washington State Court of Appeals. Since her admission to the bar, Ms. McEntee has been an active member of the Washington State Bar Association and Washington Women Lawyers, as a member of the Judicial Evaluation Committee. In 2018 and 2019, Ms. McEntee was named to the Washington Super Lawyers list.

### Attorneys' Fees and Costs

23.     Plaintiff's counsel have received no payment for their fees or costs. Plaintiff's counsel will file a motion with the Court requesting up to one-third of the settlement fund, or

$847,130, to compensate them for the work performed in the case and the risk they undertook in taking on the representation on a contingent basis.

24.     TMLG, along with Burke Law Offices, and the Heaney Law Firm, have collectively devoted hundreds of hours to litigating this case since its inception in 2016. When they file their motion for attorneys' fees, Plaintiff's counsel will provide the Court with their detailed information regarding their hourly rates and lodestar.

25.     Plaintiff's counsel will also request reimbursement of their out-of-pocket costs incurred in prosecuting this case, in an amount not to exceed $15,000. Plaintiff's counsel will provide the Court with detailed information about these costs in their motion for attorneys' fees.

26.     Plaintiff's counsel will also request that Ms. Beecroft receive an incentive award of $10,000. Ms. Beecroft has actively participated in the case, including by consulting with counsel, reviewing the Complaint, responding to written discovery requests including interrogatories and requests for production, and requests for admission. She was also deposed and prepared to testify at trial. The award compensates Plaintiff for her time, effort, and risks undertaken in prosecuting the case.

**Estimated Payments to Class Members**

27.     The parties have identified 339,123 Settlement Class Members. The parties arrived at this number by matching information obtained in discovery that identifies loans held in trusts for which DBNTC acts as trustee with Ocwen's calling records.

28.     After a competitive bid process, Plaintiff's counsel proposes to retain P&N Consulting as the settlement administrator. P&N Consulting has estimated its costs to carry out the notice plan and otherwise administer the settlement agreement at $279,749.

29.     If the Court awards attorneys' fees in the requested amount of $847,130, awards reimbursement of litigation costs of up to $15,000, approves administrative expenses of $279,749, and approves an incentive award of $10,000 to the Class Representative, the remainder of the Settlement Fund – approximately $1,389,511 — will be distributed equally to Settlement Class Members who file a simple claim form. The amount each claimant will receive depends upon the number of claims submitted. For example, if 15% of the 339,123 Settlement Class Members file claims, each will receive approximately $25.

30.     Securing settlement now with certainty of payment not only provides significant relief to Settlement Class Members who submit claims, but it also exacts a significant payment from DBNTC, particularly in a case where the calls at issue were not made by DBNTC itself but by Ocwen. I believe the settlement is fair, reasonable, adequate, and in the best interest of the Settlement Class as a whole.

I declare under penalty of perjury under the laws of the State of Washington and the United States of America that the foregoing is true and correct.

EXECUTED this 26th day of November, 2019 at Seattle, Washington.


   /s/ Beth E. Terrell, *Admitted Pro Hac Vice*
Beth E. Terrell, *Admitted Pro Hac Vice*

CERTIFICATE OF SERVICE

I, Beth E. Terrell, hereby certify that on November 26, 2019, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system which will send notification of

such filing to the following:

Kenneth Michael Kliebard
Email: kenneth.kliebard@morganlewis.com
William James Kraus
Email: william.kraus@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive
Chicago, Illinois 60601-5094
Telephone: (312) 324-1000
Facsimile: (312) 324-1001

Michael S. Kraut
Email: michael.kraut@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, New York 10178
Telephone: (212) 309-6000
Facsimile: (212) 309-6001

*Attorneys for Defendant Deutsche Bank National Trust Company*

Kelsey L. Kingsbery
Email:  kelsey.kingsbery@alston.com
Frank A. Hirsch, Jr., *Admitted Pro Hac Vice*
Email:  frank.hirsch@alston.com
Sarah R. Cansler, *Admitted Pro Hac Vice*
Email: sarah.cansler@alston.com
ALSTON & BIRD LLP
4721 Emperor Boulevard, Suite 400
Durham, North Carolina 27703
Telephone: (919) 862-2200
Facsimile: (919) 862-2260

Terance A. Gonsalves
Email: terance.gonsalves@alston.com
David B. Carpenter, *Admitted Pro Hac Vice*
Email: david.carpenter@alston.com
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street, Suite 4900
Atlanta, Georgia 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777

Anna-Katrina S. Christakis
Email:  kchristakis@pilgrimchristakis.com
Jennifer L. Majewski
Email:  jmajewski@pilgrimchristakis.com
PILGRIM CHRISTAKIS LLP
321 North Clark Street, 26th Floor
Chicago, Illinois 60654
Telephone: (312) 939-0920

*Attorneys for Defendant Wilmington Trust, N.A.*

Mark Ankcorn, #1159690
Email: mark@ankcornlaw.com
ANKCORN LAW FIRM, PLLC
1060 Woodcock Road, Suite 128
Orlando, Florida 32803
Telephone: (321) 422-2333

Local Office:

200 West Madison Street, Suite 2143
Chicago, Illinois 60606

Guillermo Cabrera
Email:  gil@cabrerafirm.com
THE CABRERA FIRM, APC
600 West Broadway, Suite 700
San Diego, California 92101
Telephone: (619) 500-4880
Facsimile: (619) 785-3380

*Attorneys for Plaintiffs*

DATED this 26th day of November, 2019.

TERRELL MARSHALL LAW GROUP PLLC


By: /s/ Beth E. Terrell, *Admitted Pro Hac Vice*
      Beth E. Terrell, *Admitted Pro Hac Vice*
      Email: bterrell@terrellmarshall.com
      936 North 34th Street, Suite 300
      Seattle, Washington 98103-8869
      Telephone: (206) 816-6603
      Facsimile: (206) 319-5450

*Attorneys for Plaintiff*

# — EXHIBIT 1 —

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release is entered into between and among Plaintiff

Tracee A. Beecroft ("Plaintiff"), on behalf of herself and all Settlement Class Members as

defined herein on the one hand, and Deutsche Bank National Trust Company ("DBNTC"), on the

other. Plaintiff and DBNTC are referred to collectively in this Settlement Agreement as the

"Parties."

1.    **RECITALS**

1.1.    Prior to this Litigation, Tracee Beecroft, Susan Mansanarez, and Keith

Snyder sued Ocwen Loan Servicing (in the "Ocwen Lawsuit"), a company that serviced

mortgage loans held in trusts for which DBNTC served as trustee. The plaintiffs in the

Ocwen Lawsuit alleged that Ocwen (as defined in Section 2.23 below) used the Aspect

autodialer to make millions of debt-collection calls to the cellular telephones of Plaintiff and

other consumers without first obtaining prior express consent, or after having revoked

consent.

1.2.    On November 17, 2016, several years into the Ocwen Lawsuit, Tracee

Beecroft and the other plaintiffs asked for permission to amend the complaint to add claims

against DBNTC and other trustees that held securitized mortgage loans serviced by Ocwen

(the "Trustees"). The trusts allegedly included loans of Tracee Beecroft and proposed class

members in the Ocwen Lawsuit. Beecroft alleged that the debt-collection calls Ocwen made

violated the TCPA, were made on the Trustees' behalf, and that DBNTC was vicariously

liable under the TCPA.

- 1 -

1.3.     The Court denied the request to amend as untimely. Beecroft and the other

plaintiffs then filed the Litigation. The Honorable Matthew Kennelly presides over both

related cases.

1.4.     In 2017, Beecroft and the other plaintiffs reached a class-wide settlement

with Ocwen to settle the Ocwen Lawsuit. The settlement also purported to release claims

alleged in the Litigation. Although the settlement was preliminarily approved, the Court

declined to grant final approval.

1.5.     The Parties and Ocwen subsequently participated in a mediation in an

effort to reach satisfactory terms that would settle both lawsuits.  The Parties were not able to

agree to a settlement of the Litigation at that time.  However, Beecroft and the other plaintiffs

were able to reach a revised settlement with Ocwen, and that settlement was memorialized in

an agreement that stated that claims against the Trustees were carved out of the release. The

Court finally approved the revised settlement with Ocwen on June 4, 2019.

1.6.     On June 13, 2019, the Trustees moved for summary judgment, arguing

that the revised settlement with Ocwen extinguished Beecroft's claims in the Litigation.

1.7.     On July 14, 2019, the Court denied DBNTC's attempt to dismiss

Beecroft's vicarious liability claim and subsequently denied the Trustees' request to certify

the question to the Seventh Circuit.  However, the Court granted dismissal of Beecroft's

claims that DBNTC was directly liable for the claims asserted in the Litigation.

1.8.     Following additional discovery and one month of settlement negotiations,

the Parties engaged in a day-long, in-person mediation on August 29, 2017, at JAMS

Mediation, Arbitration and ADR Services in Los Angeles, with mediator Robert Meyer, Esq.

There, following extensive and hard-fought negotiations, the Parties executed a term sheet for the settlement that is memorialized in this Settlement Agreement.

1.9.     DBNTC maintains that it has substantial legal defenses to all claims and class allegations in the Litigation. Without admitting any liability or wrongdoing whatsoever, DBNTC agrees to the terms of this Settlement Agreement in order to resolve the claim Plaintiff asserts against DBNTC in the Litigation.

## 2.     DEFINITIONS

As used herein, the following terms have the meanings set forth below.

2.1.     "Affiliate" of an entity means any person or entity that controls, is controlled by, or is under common control with such entity.

2.2.     "Approved Claim" means a Claim submitted by a Settlement Class Member that is timely and submitted in accordance with the directions on the Claim Form and the terms of this Settlement Agreement.

2.3.     "Attorneys' Fees and Expenses" means such funds as may be awarded to Class Counsel by the Court to compensate them (and other attorneys for Plaintiff or the Settlement Class) for their fees and all expenses incurred by Plaintiff or Class Counsel in connection with the Litigation.

2.4.     "Claim" means a written request for Settlement Relief submitted by a Settlement Class Member to the Settlement Administrator, pursuant to the Claim Form in a form substantially similar to one of the documents attached as Exhibit D to this Settlement Agreement or as ultimately approved by the Court.

2.5.     "Claim Form" means a set of documents in forms substantially similar to Exhibit D to this Settlement Agreement or as ultimately approved by the Court.

2.6. "Claimant" means any Settlement Class Member who submits an Approved Claim pursuant to this Settlement Agreement.

2.7. "Class Counsel" means Burke Law Offices, LLC, Terrell Marshall Law Group PLLC, and the Heaney Law Firm, LLC.

2.8. "Class Notice" means the program of notice described in Section 6 of this Settlement Agreement to be provided to potential Settlement Class Members, including the Mail Notice, Email Notice, and Website Notice on the Settlement Website, which will notify potential Settlement Class Members about, among other things, their rights to opt out or object to the Settlement, the preliminary approval of the Settlement, the manner by which to submit a Claim, and the scheduling of the Final Approval Hearing.

2.8.1. "Mail Notice" means the notice that is mailed by the Settlement Administrator to potential Settlement Class Members, in a form substantially similar to Exhibit A to this Settlement Agreement and/or as ultimately approved by the Court.

2.8.2. "Email Notice" means the notice that is emailed by the Settlement Administrator to potential Settlement Class Members, in a form substantially similar to Exhibit B to this Settlement Agreement and/or as ultimately approved by the Court.

2.8.3. "Website Notice" means the long form notice that is available to Settlement Class Members on the Settlement Website, in a form substantially similar to Exhibit C to this Settlement Agreement and/or as ultimately approved by the Court.

2.9. "Litigation" means the case captioned *Snyder, et al. v. U.S. Bank, N.A., et al*, Case No. 1:16-cv-11675 (N.D. Ill.).

2.10. "Court" means the United States District Court for the Northern District of Illinois, Eastern Division.

2.11.    "Days" means calendar days, except that, when computing any period of time prescribed or allowed by this Settlement Agreement, the day of the act, event, or default from which the designated period of time begins to run shall not be included. Further, when computing any period of time prescribed or allowed by this Settlement Agreement, the last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday, or legal holiday.

2.12.    Deadlines. As used herein, the Parties agree to the following deadlines, subject to Court approval:

2.12.1.    "Notice Deadline" means the last day for the Settlement Administrator to send Mail Notice and Email Notice to potential Settlement Class Members. Mail Notice shall be sent not less than forty-five (45) Days after the Court's Preliminary Approval Order.

2.12.2.    "Fee and Incentive Motion Deadline" means the last day for Plaintiff to file a motion for an award of Attorneys' Fees and Expenses, and an Incentive Award to the Named Plaintiff from the Settlement Fund. The Fee and Incentive Motion shall be filed not later than thirty (30) Days after the Notice Deadline.

2.12.3.    "Objection Deadline" means the date identified in the Preliminary Approval Order and Class Notice by which a Settlement Class Member must serve written objections, if any, to the Settlement in accordance with Section 12 of this Settlement Agreement to be able to object to the Settlement. The Objection Deadline shall be not later than ninety (90) Days after the Notice Deadline.

2.12.4.    "Opt Out Deadline" means the date identified in the Preliminary Approval Order and Class Notice by which a Request for Exclusion must be filed in writing with

the Settlement Administrator in accordance with Section 11 of this Settlement Agreement in order for a potential Settlement Class Member to be excluded from the Settlement Class. The Opt-Out Deadline shall be no later than ninety (90) Days after the Notice Deadline.

2.12.5. "Claim Deadline" means the last date by which a Claim submitted to the Settlement Administrator by a Settlement Class Member must be postmarked or submitted electronically, which will be ninety (90) Days after the Notice Deadline. All Claims postmarked or submitted electronically at the Settlement Website on or before the Claim Deadline shall be timely, and all Claims postmarked or submitted electronically at the Settlement Website after the Claim Deadline shall be untimely and barred from entitlement to any Settlement Relief.

2.12.6. "Final Approval Motion Deadline" means the date by which Class Counsel shall file the motion seeking final approval of the Settlement. The Final Approval Motion Deadline shall be no later than one-hundred (100) Days after the Notice Deadline.

2.13. "Defense Counsel" means the law firm of Morgan, Lewis & Bockius LLP.

2.14. "DBNTC" means Defendant Deutsche Bank National Trust Company.

2.15. "Final" with respect to the Final Approval Order, the Judgment, and any award of Attorneys' Fees and Expenses means that the time for appeal or writ review has expired or, if an appeal or petition for review is taken and dismissed or the Settlement (or award of Attorneys' Fees and Expenses) is affirmed, the time period during which further petition for hearing, appeal, or writ of certiorari can be taken has expired. If the Final Approval Order and/or Judgment is set aside, modified, or overturned by the Court or on appeal, and is not fully reinstated on further appeal, the Final Approval Order and/or Judgment shall not become Final.

2.16. "Final Approval" means the entry of the Judgment after the Final Approval Hearing.

- 6 -

2.17.    "Final Approval Order" means the Order Granting Final Approval of Class Action Settlement and Dismissing Class Plaintiff's Claims, to be entered by the Court pursuant to the Settlement and in a form substantially similar to <u>Exhibit F</u>.

2.18.    "Final Approval Hearing" means the hearing held by the Court to determine whether the terms of this Settlement Agreement are fair, reasonable, and adequate for the Settlement Class as a whole, and whether the Final Approval Order and the Judgment should be entered. The Parties shall seek to have the Final Approval Hearing on a date not earlier than one hundred and twenty (120) Days after the Notice Deadline.

2.19.    "Final Settlement Date" means the earliest date on which both the Final Approval Order and the Judgment are Final (as defined in Section 2.15). If no appeal has been taken from the Final Approval Order or the Judgment, the Final Settlement Date means the day after the last date on which either the Final Approval Order or the Judgment could be appealed. If any appeal has been taken from the Final Approval Order or from the Judgment, the Final Settlement Date means the date on which all appeals of either the Final Approval Order or the Judgment, including petitions for rehearing, petitions for rehearing en banc, and petitions for certiorari or any other form of review, have been finally disposed of in a manner that affirms the Final Approval Order and the Judgment.

2.20.    "Incentive Award" means Court-approved compensation for Plaintiff for her time and effort undertaken in the Litigation.

2.21.    "Judgment" means the judgment to be entered by the Court pursuant to Final Approval Order in a form substantially similar to <u>Exhibit F-1</u>.

2.22.    "Notice and Administrative Costs" means all reasonable and authorized costs and expenses of disseminating and publishing the Class Notice in accordance with the Preliminary

Approval Order, and all reasonable and authorized costs and expenses incurred by the Settlement Administrator in administering the Settlement, including but not limited to costs and expenses associated with assisting Settlement Class Members, processing claims, escrowing funds, and issuing and mailing Settlement Relief.

2.23.    "Ocwen" means Ocwen Loan Servicing, LLC.

2.24.    "Plaintiff" means Tracee A. Beecroft.

2.25.    "Preliminary Approval Application" means Plaintiff's motion for the Court to approve the Settlement preliminarily and to enter the Preliminary Approval Order, including all exhibits and documents attached thereto.

2.26.    "Preliminary Approval Order" means the order (once entered by the Court) in a form substantially similar to Exhibit E and providing for, among other things, preliminary approval of the Settlement as fair, reasonable, and adequate; preliminary certification of the Settlement Class for settlement purposes only; dissemination of the Class Notice to potential Settlement Class Members; and a finding that the proposed Class Notice is reasonably calculated to apprise potential Settlement Class Members of the material terms of the proposed Settlement, and potential Settlement Class Members' options and rights with respect thereto.

2.27.    "Release" or "Releases" means the releases of all Released Claims by the Releasing Persons against the Released Persons, as provided for in Section 10 of this Settlement Agreement.

2.28.    "Released Claims" means the claims released as provided for in Section 10 of this Settlement Agreement.

2.29.    "Released Persons" means: DBNTC in all capacities, including individual and trustee capacities, and each of its respective divisions, parents, subsidiaries, predecessors,

investors, parent companies, and Affiliates, whether past or present, any direct or indirect subsidiary of DBNTC and each of their respective divisions, parents, subsidiaries, predecessors, investors, parent companies, and Affiliates, whether past or present, and all of the officers, directors, employees, agents, brokers, distributors, representatives, and attorneys of all such entities. For the avoidance of doubt, Ocwen is not a Released Person with respect to claims for breach or indemnification that DBNTC has or may have.

2.30. "Releasing Persons" means Plaintiff, all Settlement Class Members, and anyone claiming through them such as heirs, administrators, successors, and assigns.

2.31. "Request for Exclusion" means a written request from a potential Settlement Class Member that seeks to exclude the potential Settlement Class Member from the Settlement Class and that complies with all requirements in Section 11 of this Settlement Agreement.

2.32. "Settlement" means the settlement set forth in this Settlement Agreement.

2.33. "Settlement Administrator" means a third-party agent or administrator selected by Plaintiff after a competitive bidding process to help implement and effectuate the terms of this Settlement Agreement. Plaintiff proposes P&N Consulting as the Settlement Administrator.

2.34. "Settlement Agreement" means this Settlement Agreement and Release, including all exhibits thereto.

2.35. "Settlement Class" or "Class" means the class of persons that will be certified by the Court for settlement purposes only, as more fully described in Section 3.1 herein.

2.36. "Settlement Class Member" means any person who falls within the definition of the Settlement Class and who has not submitted a valid Request for Exclusion.

2.37. "Settlement Class Period" shall commence on December 28, 2012 and shall continue through and including the date of the Preliminary Approval Order.

2.38.    "Settlement Class Recovery" means the amount of the Settlement Fund available for distribution to Claimants after payment of Notice and Administrative Costs and any Court-approved Attorneys' Fees and Expenses and Incentive Award.

2.39.    "Settlement Fund" means the $2,541,390 described in Section 4.1 that DBNTC has agreed to pay pursuant to the terms of this Settlement Agreement.

2.40.    "Settlement Relief" means the payment to be made from the Settlement Fund to Settlement Class Members who submit Approved Claims.

2.41.    "Settlement Website" means the Internet site created by the Settlement Administrator pursuant to Section 6.3 of this Settlement Agreement, which shall have the Uniform Resource Locator of www.DBNTC-TCPASettlement.com.

2.42.    "Settling Parties" means, collectively, DBNTC, Plaintiff, and all Releasing Persons.

3.    **CLASS DEFINITION AND CONDITIONS AND OBLIGATIONS RELATING TO THE EFFECTIVENESS OF THE SETTLEMENT**

3.1.    The "Settlement Class" shall be as follows:

> All persons who were called by Ocwen on the 339,123 unique cell phone numbers listed on Exhibit G to this Settlement Agreement (filed with the Court under seal) using its Aspect dialing system between December 28, 2012 and through and including the date of the Preliminary Approval Order ("Settlement Class Period").  Excluded from the Settlement Class are:  (i) those persons who were called by Ocwen using its Aspect dialing system during the Settlement Class Period only on numbers not included on Exhibit G; (ii) individuals who are or were during the Settlement Class Period officers or directors of DBNTC or any of its Affiliates; (iii) any justice, judge, or magistrate judge of the United States or any State, their spouses, and persons within the third degree of relationship to either of them, or the spouses of such persons; and (iv) all individuals who file a timely and proper request to be excluded from the Settlement Class.

3.2.     This Settlement Agreement is expressly contingent upon the satisfaction, in full, of the material conditions set forth below. In the event that the Settlement is not finally approved, DBNTC shall be refunded any money that has not yet been expended, and the Litigation will resume as if there had been no conditional certification of the class and no settlement.

3.3.     <u>Condition No. 1: Confirmatory Discovery</u>. The Settlement is conditioned upon DBNTC providing satisfactory discovery that confirms that DBNTC did not have knowledge of Ocwen's alleged practice of using auto-dialers to call mortgage loan borrowers without their consent, and that each residential mortgage-backed securitization ("RMBS") trust for which DBNTC serves as trustee is governed by one or more separate agreements that are specific to each trust.

3.4.     <u>Condition No. 2</u>: RMBS Trust Transaction Party Approval.  The Settlement is conditioned upon DBNTC obtaining requisite approvals from specified parties to certain of the agreements governing RMBS trusts that held loans of settlement class members.

3.5.     <u>Condition No. 3: District Court Approval</u>. The Settlement must be approved by the Court in accordance with the following steps:

3.5.1.   <u>Application for Preliminary Approval of Proposed Settlement, Class Certification, and Class Notice</u>.  After good-faith consultation with Defense Counsel, and following the confirmatory discovery discussed above, Class Counsel will present a Preliminary Approval Application to the Court. The Preliminary Approval Application shall include Class Notice, in forms substantially similar to Exhibits A, B, and C. The Settling Parties shall, in good faith, take reasonable steps to secure expeditious entry by the Court of the Preliminary Approval Order.

3.5.2. <u>Settlement Class Conditional Certification</u>. In connection with the proceedings on Preliminary and Final Approval of the proposed Settlement. Solely for the purposes of settlement, providing Class Notice and implementing this Settlement Agreement, Plaintiff shall seek (and DBNTC will not oppose) orders (preliminary and final, respectively) certifying the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure for settlement purposes only.  If the Settlement is not finalized or finally approved by the Court for any reason whatsoever, the certification of the Settlement Class is voidable by any Party, the Litigation will return to its status as it existed prior to this Settlement Agreement, and no doctrine of waiver, estoppel or preclusion will be asserted in any litigated class certification proceedings or otherwise asserted in any other aspect of the Litigation or in any other proceeding.

3.5.3. <u>CAFA Notice</u>. DBNTC shall be responsible for timely compliance with the notice requirements of the Class Action Fairness Act, 28 U.S.C. § 1715(b). No later than 10 days before the Final Approval Hearing, DBNTC shall file with the Court one or more declarations stating that DBNTC has complied with its notice obligations.

3.5.4. <u>Entry of Preliminary Approval Order</u>. The Parties will request that the Court enter a Preliminary Approval Order in a form substantially similar to Exhibit E, which shall, among other things:

(a)      Certify for purposes of settlement a nationwide Settlement Class, approving Plaintiff as class representative and appointing Class Counsel, pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(b)      Preliminarily approve the Settlement as fair, reasonable and adequate;

- 12 -

(c)      Order the issuance of Class Notice to the Settlement Class, and determine that such Class Notice complies with all legal requirements, including, but not limited to, the Due Process Clause of the United States Constitution;

(d)      Schedule a date and time for a Final Approval Hearing to determine whether the Preliminary Approval Order should be finally approved by the Court;

(e)      Require Settlement Class Members who wish to exclude themselves to submit an appropriate and timely written request for exclusion by the Opt-Out Deadline, as directed in this Settlement Agreement and Class Notice, and advise that a failure to do so shall bind those Settlement Class Members who remain in the Settlement Class;

(f)      Require Settlement Class Members who wish to object to this Settlement Agreement to submit an appropriate and timely written statement by the Objection Deadline, as directed in this Settlement Agreement and Class Notice, and advise that a failure to do so shall prevent those Settlement Class Members from doing so;

(g)      Authorize the Settling Parties to take all necessary and appropriate steps to establish the means necessary to implement this Settlement Agreement; and

(h)      Issue related orders to effectuate the preliminary approval of this Settlement Agreement.

3.5.5.   <u>Issuance of Class Notice</u>. Pursuant to the Preliminary Approval Order to be entered by the Court, the Settlement Administrator shall cause the Class Notice to be issued in accordance with Section 6 below.

3.5.6.   <u>Final Approval Hearing</u>. In connection with the Preliminary Approval Application, the Parties shall request that the Court schedule and conduct a hearing after dissemination of Class Notice, at which time it will consider whether the Settlement is fair,

reasonable, and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure. Specifically, Plaintiff, after good faith consultation with Defense Counsel, shall request that, on or after the Final Approval Hearing, the Court: (i) enter the Final Approval Order and the Judgment; (ii) determine the Attorneys' Fees and Expenses that should be awarded to Class Counsel as contemplated in this Settlement Agreement; and (iii) determine the Incentive Award, if any, that should be awarded as contemplated by this Settlement Agreement. The Settling Parties agree to support entry of the Final Approval Order and the Judgment. The Settling Parties will reasonably cooperate with one another in seeking entry of the Final Approval Order and of the Judgment.

      3.6.   <u>Condition No. 4: Finality of Judgment</u>. The Court shall enter the Final Approval Order and the Judgment in forms substantially similar to Exhibits F and F-1, respectively. The Final Approval Order and the Judgment must become Final in accordance with Section 2.15 above, and shall, among other things:

      (a)   Find that (1) the Court has personal jurisdiction over all Settlement Class Members; (2) the Court has subject matter jurisdiction over the claims asserted in the Litigation; and (3) venue is proper;

      (b)   Finally approve this Settlement Agreement, pursuant to Rule 23 of the Federal Rules of Civil Procedure, as fair, reasonable, and adequate;

      (c)   Finally certify the Settlement Class for settlement purposes only;

      (d)   Find that the form and means of disseminating the Class Notice complied with all laws, including, but not limited to, the Due Process Clause of the United States Constitution;

(e)     Enter the Final Approval Order and the Judgment with respect to the claims of all Settlement Class Members and dismiss the claims of all Settlement Class Members with prejudice;

(f)     Make the Releases in Section 10 of this Settlement Agreement effective as of the date of Final Approval;

(g)     Permanently bar Plaintiff and all Settlement Class Members who have not opted out of the Settlement from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action in any jurisdiction for the Released Claims;

(h)     Find that, by operation of the entry of the Judgment, Plaintiff and all Settlement Class Members who have not opted out of the Settlement shall be deemed to have forever released, relinquished, and discharged the Released Persons from any and all Released Claims;

(i)     Authorize the Settling Parties to implement the terms of this Settlement Agreement, including entry of an injunction as described herein;

(j)     Retain jurisdiction relating to the administration, consummation, enforcement, and interpretation of this Settlement Agreement, the Final Approval Order, and the Judgment, and for any other necessary purpose; and

(k)     Issue related orders to effectuate the Final Approval of this Settlement Agreement and its implementation.

## 4.     SETTLEMENT CONSIDERATION, BENEFITS, AND OTHER RELIEF

4.1.    In consideration for the Releases set forth in Section 10, DBNTC will fund a non-reversionary common Settlement Fund of $2,541,390, from which all Settlement Relief, Attorneys' Fees and Costs, Notice and Administrative Costs, and an Incentive Award, if any, will be deducted.

- 15 -

4.1.1.   DBNTC will fund the Settlement Fund as follows: (a) on or before December 3, 2019, DBNTC will transfer at least $750,000 to the Settlement Administrator (via wire instructions provided by the Settlement Administrator to DBNTC) to an interest-bearing escrow account and (b) on or before February 28, 2020, DBNTC will transfer the remainder of the Settlement Fund to the same interest-bearing escrow account. The Settlement Administrator will hold those amounts until such time as the Settlement Administrator is authorized to use or pay those funds, including for any authorized up-front Notice and Administrative Costs, pursuant to this Settlement Agreement, the Preliminary Approval Order, the Final Approval Order, or the Judgment.

4.1.2.   The Court shall retain continuing jurisdiction over the Settlement Fund sufficient to satisfy the requirements of 26 C.F.R. § 1.468B-1. The Settlement Administrator shall at all times seek to have the Settlement Fund treated as a "qualified settlement fund" as that term is defined in 26 C.F.R. § 1.468B-1. The Settlement Administrator shall cause any taxes imposed on the earnings of the Settlement Fund, if any, to be paid out of such earnings and shall comply with all tax reporting and withholding requirements imposed on the Settlement Fund under applicable tax laws. The Settlement Administrator shall be the "administrator" of the Settlement Fund pursuant to 26 C.F.R. § 1.468B-2(k)(3).

4.1.3.   Each Claimant, upon certification that he is or was the user or subscriber of the cell phone number, shall be entitled to receive Settlement Relief. The amount of Settlement Relief shall be equal to the Settlement Class Recovery divided by the total number of Approved Claims after accounting for Attorney's Fees and Costs, Notice and Administration costs and an Incentive Award. No interest shall be included as an element of, or be payable or paid on, any claimed amount.

4.1.4.   All payments issued to Claimants via check will state on the face of the check that the check will expire and become null and void unless cashed within one hundred and eighty (180) Days after the date of issuance.

4.1.5.   No amount of the Settlement Fund shall revert to DBNTC. If, after payments to Claimants have been made and the deadline for cashing Claimants' checks has passed, funds remain in the Settlement Fund sufficient to make it feasible to make a second payment to Claimants (*e.g*., payment of $1.00 or more, after administrative expenses for issuing and mailing that check), a second distribution shall be made. Any unclaimed funds after the second distribution will be disbursed to an appropriate consumer advocacy organization approved by the Court. DBNTC understands that Plaintiff will ask that the Court distribute unclaimed funds to the Public Justice Foundation.

4.1.6.   If for any reason the Final Approval Order and/or the Judgment does not become Final within the meaning of Section 2.15, all money in the Settlement Fund, including the interest accumulated, shall be returned to DBNTC within five (5) Days after the occurrence of the condition or event that prevents the Final Approval Order and/or the Judgment from becoming Final.

## 5.     RETENTION OF SETTLEMENT ADMINISTRATOR AND COSTS

5.1.     Plaintiff proposes P&N Consulting, to process claims, field calls and correspondence from Settlement Class Members, and disburse amounts from the Settlement Fund.

5.2.     All Notice and Administrative Costs will be paid from the Settlement Fund.

5.3.     The Settlement Administrator shall administer the Settlement in a cost-effective and timely manner. Without limiting any of its other obligations as stated herein, the Settlement Administrator shall be responsible for Mail Notice, Email Notice, Website Notice, the Settlement

- 17 -

Website, administration of Settlement Relief, and providing all other related support, reporting, and administration as further stated in this Settlement Agreement.

5.4.    Plaintiff will coordinate with the Settlement Administrator to provide Mail Notice and Email Notice to the Settlement Class, as provided in this Settlement Agreement.

5.5.    W9 Forms. The Settlement Administrator shall complete and provide to DBNTC any W9 forms necessary for DBNTC to implement this Settlement.

## 6.    NOTICE TO THE CLASS

6.1.    <u>Mail Notice</u>: Subject to the requirements of the Preliminary Approval Order, the Settlement Administrator shall disseminate Notice to Settlement Class Members by first class mail to Settlement Class Members' last known addresses.

6.1.1.    The Mail Notices shall all be mailed not less than forty-five (45) Days after the Court's Preliminary Approval Order.

6.1.2.    The Mail Notice of Class Action, Proposed Settlement, Final Approval Hearing, Right to Appear, Instructions and Class Action Claim Form shall detail how those Settlement Class members so desiring may opt out or object to the settlement, and how members of the Settlement Class may make a claim for settlement relief as described in Section 7.1 below.

6.1.3.    The Mail Notice shall include Instructions and a detachable postage-paid Claim Form in a form substantially similar to Exhibit A to this Settlement Agreement or as ultimately approved by the Court (provided that the font size, folding, and other printing elements or presentation may be adjusted to accommodate a booklet format and for efficient envelope and postage considerations). The Settlement Administrator shall check the mailing list against the National Change of Address database ("NCOA'') before mailing.

6.1.4.    Plaintiff shall also prepare a Spanish-language translation of the Mail Notice, Claim Instructions, and Claim Form, to be made available at the Settlement Website.

6.1.5.    After posting of the Mail Notice by the Settlement Administrator with the United States Postal Service, for any Mail Notices returned as undeliverable, the Settlement Administrator may run reverse-lookups to obtain better addresses for such returned Notices, and should such efforts indicate a possible alternate address, the Settlement Administrator may post the returned Mail Notice to the alternative address; provided, however, that if a determination is made in good faith by the Settlement Administrator that it is not possible to further update any particular Settlement Class Member's address(es) in sufficient time to repost the Class Notice(s) at least twenty (20) Days before the scheduled Final Approval Hearing, then the Settlement Administrator need make no further efforts to provide further Mail Notice to such person(s).

6.1.6.    All costs of Mail Notice will be paid from the Settlement Fund.

6.2.    <u>Email Notice</u>: Plaintiff will coordinate with Ocwen to provide the Settlement Administrator with email addresses for Class Members to the extent those email addresses are known and readily available.

6.2.1.    The Settlement Administrator will send Email Notice of the Settlement to the email addresses provided by Plaintiff, in coordination with Ocwen, no later than the posting of the Mail Notice, in a form substantially similar to Exhibit B to this Settlement Agreement or as ultimately approved by the Court. The text of the Email Notice will also contain a link to the Settlement Website described in Section 6.3, at which copies of the Settlement and Exhibits, the Mail Notice, Instructions and the Class Action Claim Form may be downloaded, and where Claims may be submitted.

6.2.2.    All costs of Email Notice will be paid from the Settlement Fund.

6.3.    <u>Settlement Website</u>: No later than the posting of the Mail Notice, the Settlement Administrator shall establish a Settlement Website, which shall contain the Website Notice, in a

- 19 -

form substantially similar to Exhibit C, copies of this Settlement Agreement and Exhibits, and the Mail Notice. The Settlement Website shall also contain Instructions and a Class Action Claim Form, which may be downloaded or printed from the Internet site. The Settlement Website shall have a Uniform Resource Locator which identifies the Settlement Website as www.DBNTC-TCPASettlement.com.

6.3.1.   The Settlement Website shall remain open and accessible for not less than thirty (30) Days after the last day to cash any check drawn on the Settlement Fund. Settlement Class Members shall also have the option of completing their Claim Form online.

6.3.2.   All costs associated with the Settlement Website will be paid from the Settlement Fund.

6.4     Toll-Free Settlement Hotline. The Settlement Administrator will establish and maintain an automated toll-free telephone line (which shall not have live operators) for persons in the Settlement Class to call with, and/or to leave questions or messages regarding, Settlement-related inquiries, to answer the questions of persons who call with or otherwise communicate such inquiries to Class Counsel (except that the Settlement Administrator shall not give, and shall not be expected to give, legal advice).

7.     **CLAIM FILING, REVIEW, AND APPROVAL PROCESS**

7.1.     <u>Claim Filing Process</u>. Settlement Class Members shall be permitted to make a Claim for Settlement Relief in one of two ways:

(a)     By mailing (either through posting with the United States Postal Service or through a private mail carrier, such as UPS or Federal Express, provided that proof of the mail date is reflected on the label of the mailing) a written Claim Form providing the required information, to the Settlement Administrator, on a date no later than the Claim Deadline. A written Claim Form will also be available on the Settlement Website for Settlement Class Members to download or print out and mail to the Settlement Administrator pursuant to this Section; or

(b) By completing an online Claim Form available on the Settlement Website.

7.2. Any Settlement Class Member who does not properly submit a completed Claim Form on or before the Claim Deadline shall be deemed to have waived any claim to Settlement Relief and any such Claim Settlement Form will be rejected.

7.3. <u>Claim Review Process</u>. As soon as practicable, the Settlement Administrator shall confirm that each Claim Form submitted is in the form required, that each Claim Form was submitted in a timely fashion, and that the person submitting the Claim is a member of the Settlement Class.

7.4. <u>Notification</u>. Within ten (10) Days after the Claims Deadline, the Settlement Administrator shall provide Class Counsel and DBNTC with a list of all Settlement Class Members who filed a Claim, whether the Claim was rejected or accepted, and if rejected, the reason it was rejected. The Parties will use their best efforts to amicably resolve any dispute about the processing of any Claim.

7.5. The Settlement Administrator shall have sixty (60) Days after the Final Settlement Date within which to process the Claims and remit the appropriate Settlement Relief amounts by check to Claimants from the Settlement Fund.

8. **COVENANTS**

The Settling Parties covenant and agree as follows:

8.1. <u>Covenant Not to Sue</u>. Plaintiff and the Settlement Class Members covenant and agree not to file, commence, prosecute, intervene in, or participate in (as class members or otherwise) any action in any jurisdiction based on any of the Released Claims against any of the Released Persons. The foregoing covenant and this Settlement Agreement shall be a complete defense to any of the Released Claims against any of the Released Persons. However, this Settlement Agreement is not intended to and does not prohibit a Settlement Class Member from

- 21 -

responding to inquiries from federal, state or local agencies and/or law enforcement, even if the inquiries relate to the Released Claims. Similarly, this Settlement Agreement is not intended to and does not prohibit a Settlement Class Member from bringing his or her concerns to federal, state or local agencies and/or law enforcement, even if those inquiries relate to the Released Claims.

8.2.    <u>Cooperation</u>. The Settling Parties agree to cooperate reasonably and in good faith with the goal of obtaining entry of the Final Approval Order and the Judgment as quickly as is reasonably practicable and expeditiously reaching agreement on the matters requiring mutual agreement as set forth in this Settlement Agreement, including, but not limited to, the expeditious agreement to the terms of all class notice documents and settlement administration protocols, and the preparation and execution of all other reasonable documents necessary to achieve Final Approval of the Settlement by the Court.

## 9.    REPRESENTATIONS AND WARRANTIES

9.1.    Plaintiff's Representations and Warranties.

9.1.1.    Plaintiff represents and warrants that she is the sole and exclusive owner of all of her own Released Claims and has not assigned or otherwise transferred any interest in any of her Released Claims against any of the Released Persons, and further covenants that she will not assign or otherwise transfer any interest in any of her Released Claims.

9.1.2.    Plaintiff represents and warrants that she has no surviving claim or cause of action against any of the Released Persons with respect to any of the Released Claims.

9.2.    The Settling Parties' Representations and Warranties. The Settling Parties, and each of them on his, her, or its own behalf only, represent and warrant that they are voluntarily entering into this Settlement Agreement as a result of arm's-length negotiations among their counsel, that in executing this Settlement Agreement, they are relying solely upon their own

judgment, belief, and knowledge, and the advice and recommendations of their own independently selected counsel, concerning the nature, extent and duration of their rights and claims hereunder and regarding all matters that relate in any way to the subject matter hereof; and that, except as provided herein, they have not been influenced to any extent whatsoever in executing this Settlement Agreement by representations, statements, or omissions pertaining to any of the foregoing matters by any Party or by any person representing any Party to this Settlement Agreement. Each of the Settling Parties assumes the risk of mistake as to facts or law.

**10.    Releases.**

10.1.    Released Claims of Settlement Class. Upon Final Approval, each member of the Settlement Class shall, by operation of the Judgment, be deemed to have fully, conclusively, irrevocably, forever, and finally released, relinquished, and discharged the Released Persons in all capacities, including individual and trustee capacities, from any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of Final Approval, that relate to or arise out of Ocwen's alleged use of equipment or methods to contact or attempt to contact Settlement Class Members by telephone for servicing or debt collection purposes during the Settlement Class Period, including but not limited to claims that relate to or arise out of Ocwen's use of an "automatic telephone dialing system" or "artificial or prerecorded voice" as defined in the Telephone Consumer Protection Act.

10.2.    Without in any way limiting their scope, the Released Claims cover by example and without limitation, any and all claims for attorneys' fees or costs incurred by Class Counsel, Plaintiff, or any Settlement Class Members in connection with or related in any manner to this Settlement, the administration of this Settlement, and/or the Released Claims, except to the extent otherwise specified in this Settlement Agreement.

10.3.    In connection with the Releases in Section 10.1, and without expanding their scope in any way, Plaintiff and each Settlement Class Member shall be deemed, as of the date of Final Approval, to have waived any and all provisions, rights, benefits conferred by Section 1542 of the California Civil Code, and any statute, rule and legal doctrine similar, comparable, or equivalent to California Civil Code Section 1542, which provides that:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, which if known by him or her, would have materially affected his or her settlement with the debtor or released party.

10.4.    This Settlement Agreement and the Releases herein do not affect the rights of Settlement Class Members who timely and properly submit a Request for Exclusion from the Settlement in accordance with the requirements in Section 11 of this Settlement Agreement.

10.5.    The administration and consummation of the Settlement as embodied in this Settlement Agreement shall be under the authority of the Court. The Court shall retain jurisdiction to protect, preserve, and implement this Settlement Agreement, including, but not limited to, enforcement of the Releases contained in this Settlement Agreement. The Court shall retain jurisdiction in order to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of this Settlement Agreement.

10.6.    Upon entry of the Final Approval Order and the Judgment: (i) this Settlement Agreement shall be the exclusive remedy for any and all Settlement Class Members, except

- 24 -

those who have properly requested exclusion (opted out) in accordance with the terms and provisions hereof; (ii) the Released Persons shall not be subject to liability or expense for any of the Released Claims to any Settlement Class Member(s) except as set forth in this Settlement Agreement; and (iii) Settlement Class Members who have not opted out shall be permanently barred from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action in any jurisdiction based on any of the Released Claims.

10.7.    Nothing in this Settlement Agreement shall preclude any action to enforce the terms of this Settlement Agreement, including participation in any of the processes detailed therein. The Releases set forth herein are not intended to include the release of any rights or duties of the Settling Parties arising out of this Settlement Agreement, including the express warranties and covenants contained herein.

## 11.    OPT-OUT RIGHTS.

11.1.    A potential Settlement Class Member who wishes to opt out of the Settlement Class must complete and send to the Settlement Administrator a Request for Exclusion that is postmarked no later than the Opt Out Deadline. The Request for Exclusion must: (a) identify the name and address of the potential Settlement Class Member requesting exclusion; (b) provide the cell phone number at which that potential Settlement Class Member was called by Ocwen during the Settlement Class Period; (c) be personally signed by the potential Settlement Class Member requesting exclusion; and (d) contain a statement that reasonably indicates a desire to be excluded from the Settlement.

11.2.    Any potential member of the Settlement Class who properly opts out of the Settlement Class shall: (a) not be bound by any orders or judgments relating to the Settlement; (b) not be entitled to relief under, or be affected by, this Settlement Agreement; (c) not gain any

rights by virtue of this Settlement Agreement; and (d) not be entitled to object to any aspect of the Settlement.

11.3.    The Settlement Administrator shall provide Class Counsel and Defense Counsel with a list of all timely Requests for Exclusion within seven (7) Days after the Opt Out Deadline.

11.4.    Except for those potential members of the Settlement Class who timely and properly file a Request for Exclusion in accordance with Section 11, all other potential members of the Settlement Class will be deemed to be Settlement Class Members for all purposes under this Settlement Agreement, and upon Final Approval, will be bound by its terms, regardless of whether they receive any monetary relief or any other relief.

**12.    OBJECTIONS.**

12.1.    <u>Overview</u>. Any potential Settlement Class Member who does not opt out of the Settlement will be a Settlement Class Member and may object to the Settlement. To object, the Settlement Class Member must comply with the procedures and deadlines in this Settlement Agreement.

12.2.    <u>Process</u>. Any Settlement Class Member who wishes to object to the Settlement must do so in writing on or before the Objection Deadline, as specified in the Class Notice and Preliminary Approval Order. The written objection must be filed with the Clerk of Court, and mailed (with the requisite postmark) to Class Counsel and Defense Counsel (at the addresses identified in Section 18), no later than the Objection Deadline.

12.2.1. The requirements to assert a valid written objection shall be set forth in the Class Notice and on the Settlement Website, and, to be valid, the written objection must include: (a) the name, address, and telephone number of the Settlement Class Member objecting and, if different, the cellular telephone number at which the Settlement Class Member was called by Ocwen during the Settlement Class Period; (b) if represented by counsel, the name, address, and

telephone number of the Settlement Class Member's counsel; (c) the basis for the objection; and (d) a statement of whether the Settlement Class Member objecting intends to appear at the Final Approval Hearing, either with or without counsel.

12.2.2. Any Settlement Class Member who fails to object to the Settlement in the manner described in the Class Notice and consistent with this Section shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of this Settlement Agreement by appeal or other means.

12.3. Appearance. Subject to approval of the Court, any Class Member who files and serves a written objection in accordance with Section 12.2 and the Class Notice may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, but only if the objecting Settlement Class Member: (a) files with the Clerk of the Court a notice of intention to appear at the Final Approval Hearing by the Objection Deadline ("Notice Of Intention To Appear"); and (b) serves the Notice of Intention to Appear on all counsel designated in the Class Notice by the Objection Deadline.

12.3.1. The Notice of Intention to Appear must include the Settlement Class Member's full name, address, and telephone number, as well as copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member will present to the Court in connection with the Final Approval Hearing.

12.3.2. Any Settlement Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth in this Settlement

Agreement and Class Notice shall not be entitled to appear at the Final Approval Hearing or raise any objections.

**13.    SETTLEMENT APPROVAL.**

13.1.    Plaintiff shall apply to the Court for entry of the proposed Preliminary Approval Order and setting of a Final Approval Hearing.

13.2.    Not later than seven (7) Days before the Final Approval Motion Deadline, the Settlement Administrator will provide the Parties with a declaration that the Class Notice has been disseminated in accordance with the Preliminary Approval Order and identifying the number of Requests for Exclusion to the Settlement, along with the number of claims received to date.

**14.    CERTIFICATION OF NATIONWIDE SETTLEMENT CLASS FOR SETTLEMENT PURPOSES.**

14.1.    Plaintiff shall move for Final Approval of the Settlement and entry of the Final Approval Order and Judgment and shall request that the preliminary certification of the nationwide Settlement Class for settlement purposes be made final.

14.2.    If the Settlement is not granted Final Approval, or this Settlement Agreement is otherwise terminated or rendered null and void, the certification of the above-described nationwide Settlement Class shall be automatically vacated and shall not constitute evidence or a binding determination that the requirements for certification of a class for trial purposes in this or any other action can be or have been satisfied; in such circumstances, DBNTC reserves and shall have all rights to challenge certification of any settlement class or any other class for trial purposes in the Litigation.

**15.     ATTORNEYS' FEES, EXPENSES, AND PLAINTIFF'S INCENTIVE AWARD.**

15.1.    Class Counsel may apply to the Court for an award of Attorneys' Fees and Expenses from the Settlement Fund.

15.1.1.    The Settlement Administrator shall pay the amount of Attorneys' Fees and Expenses awarded by the Court from the Settlement Fund to the account(s) of Class Counsel via wire instructions provided by Class Counsel to the Settlement Administrator within five (5) Days after the Final Settlement Date.

15.1.2.    Class Counsel may also apply to the Court for an Incentive Award for Plaintiff to be paid solely from the Settlement Fund. If the Court awards an Incentive Award for Plaintiff, the Settlement Administrator shall deliver to Class Counsel a separate check for the Incentive Award made payable from the Settlement Fund to Plaintiff within five (5) Days after the Final Settlement Date.

15.2.    The procedure for and the grant or denial or allowance or disallowance by the Court of the Attorneys' Fees and Expenses and Incentive Awards are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement, and any order or proceedings relating to the applications for Attorneys' Fees and Expenses and Incentive Awards, or any appeal from any order relating thereto or reversal or modification thereof, will not operate to terminate or cancel this Settlement Agreement, or affect or delay the finality of the Final Approval Order or Judgment approving this Settlement Agreement and the Settlement, except as provided for in Section 15.1.

**16.     TERMINATION AND EFFECT THEREOF.**

16.1.    This Settlement Agreement shall be terminable by any Party if any of the conditions of Section 3 are not fully satisfied unless the relevant conditions are waived in writing signed by authorized representatives of Plaintiff and DBNTC.

16.2.    This Settlement Agreement shall also terminate at the discretion of Plaintiff or

DBNTC if, in the good faith exercise of discretion: (1) the Court, or any appellate court(s),

rejects, modifies, or denies approval of any portion of this Settlement Agreement or the proposed

Settlement that is material, including without limitation, the terms or relief, the findings or

conclusions of the Court, the provisions relating to Class Notice, the definition of the Settlement

Class, and/or the terms of the Releases; (2) the Court, or any appellate court(s), does not enter or

completely affirm, or alters, or restricts, or expands, any portion of the Final Approval Order or

Judgment, or any of the Court's findings of fact or conclusions of law, that is material; or (3) if

all of the conditions required to be met before the Final Settlement Date do not occur.

16.3.    If 1,200 or more potential members of the Settlement Class properly and timely

opt out of the Settlement, then the Settlement may be deemed null and void upon notice by

DBNTC without penalty or sanction.

16.4.    If this Settlement Agreement is terminated as provided herein, the Settlement

shall be null and void from its inception, and the Settling Parties will be restored to their

respective positions in the Litigation as of the day prior to the date of the Preliminary Approval

Order. In such event, the Parties shall move the Court to vacate any and all orders entered by the

Court pursuant to the provisions of this Settlement Agreement, including any order certifying the

Class for settlement purposes.  Further, in such event, the terms and provisions of this Settlement

Agreement will have no further force and effect with respect to the Settling Parties and will not

be used in the Litigation, or in any other proceeding for any purpose, shall not be deemed or

construed to be an admission or confession by the Parties of any fact, matter, or proposition of

law, and any judgment or order entered by the Court in accordance with the terms of this

Agreement will be treated as vacated, nunc pro tunc.  Notwithstanding the foregoing, the Parties

agree that DBNTC may use and introduce this Agreement in any litigation or other proceeding in which it seeks to enforce claims for indemnification or breach of contract.

## 17.    MISCELLANEOUS PROVISIONS

17.1.    The Settling Parties acknowledge that it is their intent to consummate this Agreement, and they agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of this Agreement.

17.2.    The Settling Parties intend the Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation. The Settlement compromises claims that are contested and will not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Settling Parties agree that the consideration provided to the Settlement Class and the other terms of the Settlement were negotiated in good faith and at arm's length by the Settling Parties, and reflect a Settlement that was reached voluntarily after consultation with competent legal counsel. The amounts paid are to compromise the Claimants' claims for damages and the amounts paid represent the Claimants' compensation for such alleged damages.

17.3.    Neither this Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the Settlement is or may be deemed to be or may be used as an admission or evidence of the validity of any Released Claims, or of any wrongdoing or liability of DBNTC.

17.4.    All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information will survive this Agreement.

17.5.    All of the Exhibits to this Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

17.6.    It is agreed that, upon DBNTC's written request within thirty (30) days after the Final Approval Order and/or Judgment becomes Final, the originals and all copies of all confidential or highly confidential documents and/or information subject to all confidentiality agreements and any protective orders that DBNTC produced to Plaintiffs shall be returned to the producing party or destroyed.  Nothing in the Agreement shall require attorney work product or pleading files to be returned or destroyed.

17.7.    This Agreement may be amended or modified only by a written instrument signed by or on behalf of Plaintiff and DBNTC or their respective successors-in-interest. Any material changes must be approved by the Court.

17.8.    This Agreement and the Exhibits attached hereto constitute the entire agreement among the Settling Parties, and no representations, warranties, or inducements have been made to any Party concerning this Agreement or its Exhibits other than the representations, warranties, and covenants covered and memorialized herein. Except as otherwise provided herein, no Settling Party shall be responsible for paying fees, expenses, or other costs incurred by any other Settling Party.

17.9.    This Agreement may be executed in one or more counterparts. All executed counterparts and each of them will be deemed to be one and the same instrument. A complete set of counterparts will be submitted to the Court.

17.10.  This Agreement will be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties.

17.11.  The Court will retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Settling Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

17.12.   None of the Settling Parties, or their respective counsel, will be deemed the drafter of this Agreement or its Exhibits for purposes of construing the provisions thereof. The language in all parts of this Agreement and its Exhibits will be interpreted according to its fair meaning, and will not be interpreted for or against any Settling Party as the drafter thereof.

17.13.   The Settlement shall be governed by the laws of the State of Illinois, except to the extent that the law of the United States governs any matters set forth herein, in which case such federal law shall govern.

17.14.   The following principles of interpretation apply to the Agreement: (a) the plural of any defined term includes the singular, and the singular of any defined term includes the plural, as the case may be; (b) references to a person are also to the person's successors-in-interest; and (c) whenever the words "include," includes," or 'including" are used in the Agreement, they shall not be limiting, but rather shall be deemed to be followed by the words "without limitation."

17.15.   The Settlement Agreement shall not be subject to collateral attack by any Settlement Class Member or any recipient of the notices of the Settlement Class after the Final Approval Order and Judgment are entered.

**18.    NOTICES**

18.1.    All notices (other than the Class Notice) required by the Agreement shall be made in writing and communicated by email and mail to the following addresses:

18.2.    All notices to Class Counsel shall be sent to Class Counsel, c/o:

>   Alexander H. Burke
>   Burke Law Offices, LLC
>   155 N. Michigan Ave., Suite 9020
>   Chicago, Illinois 60601

Beth E. Terrell
Terrell Marshall Law Group PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869

Counsel for Plaintiff and Class

18.3.   All notices to Defense Counsel shall be sent to Defense Counsel, c/o:

Kenneth Michael Kliebard
Morgan, Lewis & Bockius LLP
77 West Wacker Drive
Chicago, Illinois 60601-5094

Michael S. Kraut
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, New York 10178-0060

Counsel for DBNTC

18.4.   The notice recipients and addresses designated above may be changed by written

agreement of Plaintiff and DBNTC.

18.5.   Upon the request, the Parties agree to promptly provide each other with copies of

objections, Requests for Exclusion, or other similar documents received from Settlement Class

Members in response to the Class Notice.

IN WITNESS WHEREOF, the Settling Parties have executed and caused this Settlement

on the dates set forth below.


**On Behalf of Defendant Deutsche Bank National Trust Company:**

Dated: __11/25/19__            By: _____

                               Name: _____
                               Ronaldo Reyes
                               Vice President
                               Title: _____

- 34 -

**On Behalf of Plaintiff and the Settlement Class:**

Dated: 11-23-2019          By: _____

Tracee A. Beecroft

**Approved as to form and content:**

For Plaintiff:                          For Deutsche Bank National Trust Company:

TERRELL MARSHALL LAW            MORGAN, LEWIS & BOCKIUS LLP
   GROUP PLLC

By: _____      By: _____
    Beth E. Terrell                        Kenneth Michael Kliebard
    Email: bterrell@terrellmarshall.com    Email:
    Adrienne D. McEntee                    kenneth.kliebard@morganlewis.com
    Email: amcentee@terrellmarshall.com    William James Kraus
    936 North 34th Street, Suite 300       Email: william.kraus@morganlewis.com
    Seattle, Washington 98103              77 West Wacker Drive
    Telephone: (206) 816-6603              Chicago, Illinois 60601-5094
    Facsimile: (206) 319-5450              Telephone: (312) 324-1000
                                           Facsimile: (312) 324-1001
    Alexander H. Burke
    Email: aburke@burkelawllc.com          Michael S. Kraut
    Daniel J. Marovitch                    Email: michael.kraut@morganlewis.com
    Email: dmarovitch@burkelawllc.com      MORGAN, LEWIS & BOCKIUS LLP
    BURKE LAW OFFICES, LLC                 101 Park Avenue
    155 North Michigan Avenue, Suite 9020  New York, New York 10178
    Chicago, Illinois 60601                Telephone: (212) 309-6000
    Telephone: (312) 729-5288              Facsimile: (212) 309-6001
    Facsimile: (312) 729-5289

    Mark L. Heaney
    Email: mark@heaneylaw.com
    HEANEY LAW FIRM, LLC
    601 Carlson Parkway, Suite 1050
    Minnetonka, Minnesota 55305
    Telephone: (952) 933-9655

**On Behalf of Plaintiff and the Settlement Class:**

Dated: _____          By: _____

                                          Tracee A. Beecroft

**Approved as to form and content:**

For Plaintiff:

TERRELL MARSHALL LAW
  GROUP PLLC

By: _____
  Beth E. Terrell
  Email: bterrell@terrellmarshall.com
  Adrienne D. McEntee
  Email: amcentee@terrellmarshall.com
  936 North 34th Street, Suite 300
  Seattle, Washington 98103
  Telephone: (206) 816-6603
  Facsimile: (206) 319-5450

  Alexander H. Burke
  Email: aburke@burkelawllc.com
  Daniel J. Marovitch
  Email: dmarovitch@burkelawllc.com
  BURKE LAW OFFICES, LLC
  155 North Michigan Avenue, Suite 9020
  Chicago, Illinois 60601
  Telephone: (312) 729-5288
  Facsimile: (312) 729-5289

  Mark L. Heaney
  Email: mark@heaneylaw.com
  HEANEY LAW FIRM, LLC
  601 Carlson Parkway, Suite 1050
  Minnetonka, Minnesota 55305
  Telephone: (952) 933-9655

For Deutsche Bank National Trust Company:

MORGAN, LEWIS & BOCKIUS LLP

By: _____
  Kenneth Michael Kliebard
  Email:
  kenneth.kliebard@morganlewis.com
  William James Kraus
  Email: william.kraus@morganlewis.com
  77 West Wacker Drive
  Chicago, Illinois 60601-5094
  Telephone: (312) 324-1000
  Facsimile: (312) 324-1001

  Michael S. Kraut
  Email: michael.kraut@morganlewis.com
  MORGAN, LEWIS & BOCKIUS LLP
  101 Park Avenue
  New York, New York 10178
  Telephone: (212) 309-6000
  Facsimile: (212) 309-6001

— **EXHIBIT A** —

**DBNTC TCPA Settlement Administrator**



<div style="border:1px solid black">
First-Class
Mail
US Postage
Paid
Permit #___
</div>

## LEGAL NOTICE

*Snyder, et al. v. U.S. Bank, N.A., et al.*
No. 1:16-cv-11675 (N.D. Ill.)

A settlement has been proposed in this lawsuit pending in the U.S. District Court for the Northern District of Illinois, Eastern Division (the "Court").

This case claims that Deutsche Bank National Trust Company ("DBNTC"), among others, is liable under the Telephone Consumer Protection Act (the "TCPA") for calls Ocwen made to cell phones allegedly on DBNTC's behalf using an automatic telephone dialing system without consent ("Automatic Calls"). DBNTC denies it did anything wrong or that the calls were made on its behalf.

Who Is Included? You may be in the Settlement as a "Settlement Class Member" if you received one or more Automatic Calls to your cell phone from Ocwen between December 28, 2012 and December 3, 2019. If you received this Notice, then you are very likely a Settlement Class Member.

Unique Identifier: <<UNIQUE IDENTIFIER>>

<<MAIL ID>>

<<FIRST NAME>> <<LAST NAME>>
<<ADDRESS 1>>
<<ADDRESS 2>>
<<CITY>>, <<ST>> <<ZIP>>
<<COUNTRY>>

**Summary of the Settlement**: DBNTC agreed to establish a Settlement Fund of $2,541,390 to pay Settlement Class Members who make valid, timely Claims; pay an incentive award to a Class Representative who filed the lawsuit; pay attorneys' fees and costs to the lawyers who filed the lawsuit; and pay Settlement Notice and Administrative Costs. Plaintiff will request a $10,000 service award, and up to $847,130 in attorneys' fees, plus costs. This is a summary notice only; additional details of the Settlement can be found at www.DBNTC-TCPASettlement.com or by calling 1-XXX-XXX-XXXX.

**How Can I Get a Payment?** To get a payment you must submit a Claim Form. To make a Claim: **(1)** fill out, sign, and mail this Claim Form back; **(2)** submit a Claim online at www.DBNTC-TCPASettlement.com; **OR (3)** print and complete the form from the Settlement Website and mail to DBNTC TCPA Settlement Administrator, XXXXXXXXXXXX. Each Settlement Class Member who submits a valid and timely Settlement Claim will receive a cash award. Class Counsel estimate that the amount of the cash award will be $25, based on a fifteen percent claim rate. If more than 15% of Settlement Class Members submit valid claims, that estimate of $25 could go down. The deadline to file a Claim is **XXXXXXX, 2020**. If you make a Claim, you give up the right to sue separately for damages of $500 per call, or $1,500 per call if a violation of the law is deemed to be willful

**Do I Have a Lawyer?** Yes. The Court appointed Burke Law Offices, LLC; Terrell Marshall Law Group PLLC; and Heaney Law Firm, LLC as counsel for the Settlement Class. They will be paid from the Settlement Fund. Alternatively, you may enter an appearance through your own attorney at your own expense.

**Your Other Options.** If you do not want to be legally bound by the Settlement, you must exclude yourself by **XXXXXXXX, 2020**. If you do not exclude yourself, you will release any claims you may have, as more fully described in the Settlement Agreement, available at the settlement website. You may remain a Settlement Class Member and object to the Settlement by **XXXXXXXX, 2020**. You may choose to pay for and be represented by a lawyer who may send the objection for you. The website explains how to exclude yourself or object.

**Final Approval Hearing**: The judge presiding over the lawsuit scheduled a hearing for **XXXXXXXX, 2020, at XXXXXX** in Courtroom 2103 of the U.S. District Court, Northern District of Illinois, 219 S. Dearborn St., Chicago, IL 60604, regarding whether to give Final Approval to the Settlement, including the amounts of any attorneys' fees, costs, and Class Representative award. The hearing may be changed without notice. **It is not necessary for you to appear at this hearing, but you may attend at your own expense.**

QUESTIONS? CALL XXXXXXXXX OR VISIT www.DBNTC-TCPASettlement.com

To submit a claim please fill out the form below and mail before XXXXXXX, 2020. You may also file a claim online at www.DBNTC-TCPASettlement.com. Please only complete the following if your name or address does not match where this form was mailed.

Unique Identifier: <<UNIQUE IDENTIFIER>>

First Name      MI      Last Name

Street Address

City      ST      ZIP Code

Contact Phone Number      Cell Phone Number that received a call

Email Address

To be included as part of the Settlement, your cell phone number must be listed in our records as one of the phone numbers that Ocwen called. If you are not certain which of your cell phone numbers may have been called, you may submit each of them separately. If you were mailed this postcard, you probably received call(s).

**CERTIFICATION**

By signing and submitting this Claim Form, I certify that I received a call from Ocwen on the above cell phone number, and I was the subscriber or user of the cell phone number at the time of the call.

**Signature:** _____

**Para ver este aviso en español, visite www.DBNTC-TCPASettlement.com.**
**For more information, visit www.DBNTC-TCPASettlement.com.**

— **EXHIBIT  B** —

# Court-Approved Class Action Settlement Notice

*Snyder, et al. v. U.S. Bank, N.A., et al.* No. 1:16-cv-11675
United States District Court for the Northern District of Illinois

**This is not a lawsuit against you. You might get a payment from this settlement.**

A class action settlement has been reached in the lawsuit *Snyder, et al. v. U.S. Bank, N.A., et al.,* No. 1:16-cv-11675, which is pending in the U.S. District Court for the Northern District of Illinois, Eastern District (the "Court").

This lawsuit claims that Deutsche Bank National Trust Company ("DBNTC"), among others, is liable under the Telephone Consumer Protection Act (the "TCPA") for calls Ocwen Loan Servicing, LLC ("Ocwen") made to cell phones allegedly on DBNTC's behalf using an automatic telephone dialing system without consent of the call recipients ("Automatic Calls"). DBNTC denies it did anything wrong or that the calls were made on its behalf.

## Who is included?
You may be a "Settlement Class Member" if you received one or more Automatic Calls to your cell phone from Ocwen between December 28, 2012 and December 3, 2019. The class is limited to individuals called on 339,123 specific cell phone numbers. If you received this Notice, then you are very likely a Settlement Class Member.

## Summary of the Settlement:
Under the proposed Settlement, DBNTC has agreed to establish a Settlement Fund of $2,541,390 to: (1) pay Settlement Class Members who make valid and timely claims; (2) pay an incentive award to the Class Representative; (3) pay Plaintiff's attorneys' fees and costs; and (4) pay settlement notice and administration costs. Plaintiff will request an incentive award of no more than $10,000, and attorneys' fees of up to $847,130, plus costs. Any remaining monies from uncashed settlement checks may be redistributed to Claimants or paid to the Public Justice Foundation. Additional details of the Settlement can be found at www.DBNTC-TCPASettlement.com or by calling 1-XXX-XXX-XXXX.

## Can I get money from the Settlement?
Yes, each Settlement Class Member who submits a valid and timely Claim will receive a cash award, the amount of which depends on how many people make approved claims. Class Counsel estimate that the amount of the cash award may be $25, based on a fifteen percent claim rate. If more people submit claims, that number could go down.

## How do I make a Settlement claim?
You can make a claim by: (1) submitting your claim online at www.DBNTC-TCPASettlement.com; or (2) printing a copy of the claim from [insert hyperlink] and mailing the completed form to DBNTC TCPA Settlement, c/o [Administrator] [Address].

## Do I have a lawyer?

Yes. The Court has appointed lawyers from the following firms to represent Class Members: Burke Law Offices, LLC, Terrell Marshall Law Group PLLC, and Heaney Law Firm, LLC. The lawyers will be paid from the Settlement Fund. You may enter an appearance through your own attorney if you so desire.

## What should I do?

Class Members have four options:

**(1) Submit a Claim** to the Settlement Administrator for a share of the Settlement Fund by [DATE]. For non-emergency calls made using an automatic telephone dialing system and/or an artificial or prerecorded voice, without the prior express consent of the called party, the TCPA provides for damages of $500 per call, and up to $1,500 per call if a violation is found to be willful. If the Settlement is approved, you will be bound by the Court's decisions in the lawsuit. You will not have the right to sue separately for the TCPA claims in the lawsuit.

**(2) Remain a Class Member but object to the Settlement**. Instructions for objecting are available at www.DBNTC-TCPASettlement.com. Objections and supporting documents must be sent to Class Counsel and Defense Counsel, and filed with the Court by [DATE]. You may choose to pay for and be represented by a lawyer who may send the objection for you at your own expense.

**(3) Exclude yourself from the Settlement** by mailing a request to the Settlement Administrator (not the Court). You must state in writing your name, address, the cell number at which you were called by Ocwen, and that you want to be excluded from the Settlement. Exclusions must be signed by you and postmarked no later than [DATE].

**(4) Do Nothing**. If you do nothing, you will remain part of the Settlement Class and will release your claims against the Released Parties, but you will not receive any money from this Settlement.

**Scheduled Hearing**: The judge presiding over the lawsuit scheduled a hearing for [date], at [time], in Courtroom 2103 of the U.S. District Court, Northern District of Illinois, 219 S. Dearborn St., Chicago, IL 60604, regarding whether to give final approval to the Settlement, including the amounts of any attorneys' fees, costs, and class representative awards. The hearing may be changed without notice. **It is not necessary for you to appear at this hearing, but you may attend at your own expense.**

## For more information:

Visit: www.DBNTC-TCPASettlement.com; call: 1-XXX-XXX-XXXX; or write to: DBNTC TCPA Settlement, c/o [Administrator] [Address].

**En el sitio web, www.DBNTC-TCPASettlement.com, hay una notificación completa del acuerdo en Español**

— **EXHIBIT  C** —

*Snyder, et al. v. U.S. Bank, N.A., et al.,* No. 1:16-cv-11675
<u>United States District Court for the Northern District of Illinois</u>

**If you received a call on a cell phone from Ocwen Loan Servicing, LLC between December 28, 2012 and December 3, 2019, you may be entitled to benefits under a class action settlement.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- Tracee Beecroft ("Class Representative") brought a lawsuit alleging that Deutsche Bank National Trust Company ("DBNTC") is liable under the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227, for calls Ocwen Loan Servicing, LLC ("Ocwen") made to cell phones allegedly on DBNTC's behalf using an automatic telephone dialing system without consent ("Automatic Calls").

- A settlement ("Settlement") has been reached in this case, which affects certain individuals who received an Automatic Call from Ocwen between December 28, 2012 and December 3, 2019 ("Settlement Class Period").

- The Settlement, if approved, will provide a $2,541,390 fund from which eligible persons who file valid and timely claims will receive cash awards ("Settlement Fund"). The cash awards are estimated to be approximately $25 per claim based on an assumption that 15 percent of the Settlement Class members submit valid and timely claims.

- You are in the "Settlement Class" if you were called on one of 339,123 specific cell phone numbers to which Ocwen made Automatic Calls during the Settlement Class Period.

- In addition to paying settlement awards to Settlement Class Members, the Settlement Fund will be used to pay attorneys' fees and costs to attorneys representing the Class Representatives and the Settlement Class ("Class Counsel"), an incentive award to the Class Representative, the reasonable costs of notice and administration of the Settlement, and a charitable contribution if there are uncashed settlement award checks.

- **Your legal rights are affected whether you act or don't act. Read this notice carefully.**

- **En el sitio web, <u>www.DBNTC-TCPASettlement.com</u>, hay una notificación completa del acuerdo en Español. Para un operador telefónico de habla Español, llame al 1-XXX-XXX-XXXX.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Submit a Claim Form** | This is the only way to get a payment. You can submit a valid and timely claim form online at www.DBNTC-TCPASettlement.com or by mail to DBNTC TCPA Settlement, c/o [Administrator] [ADDRESS]. If you fail to submit a claim, you will not receive a settlement payment. |
| **Do Nothing** | Get no payment. Give up any rights to sue DBNTC separately regarding the legal claims in this case. |
| **Exclude Yourself or "Opt Out" of the Settlement** | Get no payment. If you exclude yourself, you will not waive any rights you may have against DBNTC with respect to the legal claims in this case. |
| **Object** | Write to the Court about why you believe the Settlement is unfair. Even if you file a valid and timely objection, you can still submit a claim form to receive a payment. |
| **Go to a Hearing** | Ask to speak in Court about the fairness of the Settlement if you file a valid and timely objection. |

These rights and options - **and the deadlines to exercise them** - are explained in this notice. The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made on valid and timely claims if the Court approves the Settlement and after any appeals are resolved. Please be patient.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**..................................................................................................... **PAGE 4**
1.   Why is there a notice?
2.   What is this class action lawsuit about?
3.   Why is there a settlement?

**WHO IS IN THE SETTLEMENT** ......................................................................................... **PAGE 4**
4.   How do I know if I am part of the Settlement?

**THE SETTLEMENT BENEFITS - WHAT YOU GET**........................................................... **PAGE 5**
5.   What does the Settlement provide?

**HOW YOU GET A PAYMENT** ........................................................................................... **PAGE 6**
6.   How and when can I get a payment?
7.   What am I giving up to get a payment or stay in the Class?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ....................................................... **PAGE 7**
8.   How do I exclude myself from the Settlement?

**THE LAWYERS REPRESENTING YOU**............................................................................. **PAGE 8**
9.   Do I have a lawyer in this case?
10.  How will the lawyers and Class Representatives be paid?

**OBJECTING TO THE SETTLEMENT** ............................................................................... **PAGE 8**
11.  How do I tell the Court that I do not think the Settlement is fair?

**THE COURT'S FAIRNESS HEARING**................................................................................ **PAGE 9**
12.  When and where will the Court decide whether to approve the Settlement?
13.  May I speak at the hearing?

**IF YOU DO NOTHING** ....................................................................................................... **PAGE 10**
14.  What happens if I do nothing at all?

**GETTING MORE INFORMATION**..................................................................................... **PAGE 10**
15.  How do I get more information?

# BASIC INFORMATION

**1. Why is there a notice?**

A court authorized this Notice because you have a right to know about a proposed settlement of this class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement. If the Court approves the Settlement and after any objections or appeals are resolved, an administrator appointed by the Court will make the payments that the Settlement allows. Because your rights will be affected by this Settlement, it is important that you read this Notice carefully.

If you received a Notice in the mail, it is because records indicate you may have received one or more Automatic Calls from Ocwen between December 28, 2012 and December 3, 2019.

More specifically, the Settlement Class comprises individuals that Ocwen called on 339,123 cell phone numbers using Aspect telephone equipment during the Settlement Class Period.

The Court in charge of the case is the United District Court for the Northern District of Illinois, Eastern Division, and the case is known as *Snyder, et al. v. U.S. Bank, N.A., et al.*, No. 1:16-cv-11675 (N.D. Ill.). Tracee Beecroft is the "Plaintiff" or "Class Representative," and the company sued, DBNTC, is the "Defendant."

You received this notice because Plaintiff and Defendant settled Plaintiff's claims.

**2. What is this class action lawsuit about?**

A class action is a lawsuit in which the claims and rights of many people are decided in a single court proceeding. Representative plaintiffs, also known as "class representatives," assert claims on behalf of the entire class.

The Class Representative filed and/or pursued this Action alleging that DBNTC is liable under the TCPA for calls Ocwen made to cell phones allegedly on DBNTC's behalf using an automatic telephone dialing system without consent ("Automatic Calls").

DBNTC denies it did anything wrong, that Ocwen made calls on DBNTC's behalf, that DBNTC has any liability for Ocwen's calls or that this case is appropriate for treatment as a class action.

**3. Why is there a settlement?**

The Court did not decide in favor of the Class Representative or Defendant. Both sides agreed to a settlement instead of going to trial. That way, they avoid the cost of a trial. The Class Representative and her attorneys think the Settlement is best for all Class Members, who can get compensation.

# WHO IS IN THE SETTLEMENT?

**4. How do I know if I am part of the Settlement?**

The Court has certified a class action for settlement purposes only. You are in the Settlement Class if you are a person whom Ocwen called using its Aspect dialing system on one of 339,123 specific cell phone numbers between December 28, 2012 and December 3, 2019.

Excluded from the Class are individuals who are not or were not regular users or subscribers of the 339,123 specific cellular telephone numbers, are officers or directors of DBNTC or of any DBNTC affiliate, any justice, judge, or magistrate judge of the United States or any State, their spouses, and persons within the third degree of relationship to either of them, or the spouses of such persons, and all persons

who validly exclude themselves or opt out of the Settlement Class.

If you have questions about whether you are a Class Member, or are still not sure whether you are included, you can call 1-XXX-XXX-XXXX or visit www.DBNTC-TCPASettlement.com for more information.

## THE SETTLEMENT BENEFITS - WHAT YOU GET

**5. What does the Settlement provide?**

DBNTC has agreed to pay a total settlement amount of $2,541,390, which will be used to create a Settlement Fund to pay cash awards to Settlement Class Members who submit a valid and timely claim, pay Class Counsel's attorneys' fees and costs, pay an incentive award to the Class Representative, and pay costs and expenses of settlement administration.

Any remaining monies from uncashed checks may be redistributed in further distributions to valid claimants. However, if a further distribution would be administratively infeasible (e.g., less than $1 per qualifying claimant), the remaining monies will instead be donated to a not-for-profit public interest organization, the Public Justice Foundation.

# HOW YOU GET A PAYMENT

**6. How and when can I get a payment?**

Each Settlement Class Member who submits a valid and timely Claim Form will receive Settlement Relief. Settlement Relief is a cash payment. The final cash payment amount will depend on the total number of valid and timely claims filed by all Class Members. Class Counsel estimate that the amount of the cash award (while dependent upon the number of claims) may be $25.

Claims may be submitted electronically via the Settlement Website, www.DBNTC-TCPASettlement.com, or by mail to:

DBNTC TCPA Settlement, c/o [Administrator][ADDRESS]

The Court will hold a hearing on _____, 2020, to decide whether to approve the Settlement. If the Settlement is approved, appeals may still follow. Whether the appeals, if any, can be resolved is uncertain, and resolving them can take time, perhaps more than a year. Please be patient.

**7. What am I giving up to get a payment or stay in the Class?**

If you are a Settlement Class Member, unless you exclude yourself, you will be bound by the release of claims in the Settlement. This means that, if the Settlement is approved, you can't sue, continue to sue, or be part of any other lawsuit against DBNTC regarding violations arising out of Automatic Calls made by Ocwen between December 28, 2012 and December 3, 2019, and all of the decisions and judgments by the Court will bind you.

For non-emergency calls or text messages to a cell phone number made using an automatic telephone dialing system without the prior express consent of the called party, the TCPA provides for damages of $500 per violation, or up to $1,500 for willful violations, plus an injunction limiting future conduct. However, DBNTC has denied that it is responsible for any allegedly illegal calls made by Ocwen, and in any future lawsuit it will have a full range of potential defenses, including that it is not responsible for Ocwen's phone calls and/or that Ocwen had prior express consent to make the calls. This Settlement permits class members the opportunity to obtain a smaller amount of money, risk-free.

If you file a Claim Form for benefits or do nothing at all, you will be unable to file your own lawsuit regarding the claims described in this Notice, and you will release DBNTC from any liability for the Released Claims defined below and in the Settlement.

Remaining in the Settlement Class means that you, as well as anyone claiming through you such as heirs, administrators, successors, and assigns, relinquish and discharge each and all of the Released Parties from each of the Released Claims (as defined below).

Claims Released:  Upon Final Approval, each member of the Settlement Class shall, by operation of the Judgment, be deemed to have fully, conclusively, irrevocably, forever, and finally released, relinquished, and discharged the Released Persons in all capacities, including individual and trustee capacities, from any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of Final Approval, that relate to DBNTC's liability arising from Ocwen's alleged use of an "automatic telephone dialing system" or "artificial or prerecorded voice" as defined in the Telephone Consumer Protection Act.

The Settlement Agreement (available at the website) provides more detail regarding the release and describes the Released Claims with specific descriptions in necessary, accurate legal terminology, so read it carefully. You can talk to the law firms representing the Class listed in Question 9 for free, or you can, at your own expense, talk to your own lawyer if you have any questions about the Released Parties or the Released Claims or what they mean.

The release does not apply to Settlement Class Members who timely opt-out of the Settlement.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this Settlement, and you want to keep the right to sue or continue to sue DBNTC on your own about the legal issues in this case, then you must take steps to exclude yourself from the Settlement.

**8. How do I exclude myself from the Settlement?**

To exclude yourself from the Settlement, you must send a letter by mail saying that you want to be excluded from *Snyder, et al. v. U.S. Bank, N.A., et al*, Case No. 1:16-cv-11675 (N.D. Ill.). Be sure to include your full name, address, and the cell phone number at which you were called by Ocwen. You must also include a statement that you wish to be excluded from the Settlement and sign the statement. **You must mail your exclusion request postmarked no later than [MONTH DAY, YEAR]**, to:

DBNTC TCPA Settlement, c/o [Administrator], [ADDRESS]

If you ask to be excluded, you will not get any Settlement Relief, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) DBNTC in the future. Although no other person may exclude you from the Settlement Class, nothing prohibits you from obtaining the assistance of another, such as a lawyer or family member, in preparing or submitting any individual exclusion.

# THE LAWYERS REPRESENTING YOU

## 9. Do I have a lawyer in this case?

The Court appointed the following law firms to represent you and other Class Members:

Terrell Marshall Law Group, PLLC, Burke Law Offices, LLC, and Heaney Law Firm, LLC.

All of these lawyers are called Class Counsel. You will not be charged separately for these lawyers' services. If you want to be represented by your own lawyer, you may hire one at your own expense.

Additionally, you may enter an appearance through your own attorney if you so desire, but you do not need to do so.

## 10. How will the lawyers and Class Representatives be paid?

Class Counsel will ask the Court to approve payment of up to $847,130 to compensate them for attorneys' fees for investigating the facts, litigating the case, and negotiating the Settlement, plus costs. Class Counsel will also request an award of $10,000 to the Class Representative, as compensation for her time and effort. The Court may award less than these amounts. These payments, along with the costs of administering the Settlement, will be made out of the Settlement Fund.

# OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

## 11. How do I tell the Court that I do not think the Settlement is fair?

If you are a Settlement Class Member and do not exclude yourself, you can object to the Settlement, or any part of the Settlement, for example if you do not think the Settlement is fair. You can state reasons why you think the Court should not approve it. The Court will consider your views. To object, you must file a written statement with the Court saying that you object to the proposed Settlement in *Snyder, et al. v. U.S. Bank, N.A., et al*, Case No. 1:16-cv-11675 (N.D. Ill.). Be sure to include your full name, address, current phone number, cellular telephone number Ocwen called you on, the reasons you object to the Settlement, and whether you intend to appear at the fairness hearing on your own behalf or through counsel. All objections shall identify any lawyer that represents you as to your objection and provide that lawyer's address and telephone number, but you do not have to have a lawyer. Any documents that you wish for the Court to consider must also be attached to the objection, and your objection should also be sent to Class Counsel and counsel for DBNTC. **Your objection to the Settlement must be filed no later than [DATE].**

The objection must be provided as follows to the following:

| For Filing: | By Mail: |
|---|---|
| *Snyder, et al. v. U.S. Bank, N.A., et al,* Case No. 1:16-cv-11675 <br> U.S. District Court, Northern District of Illinois <br> 219 South Dearborn Street <br> Chicago, IL 60604 | Beth E. Terrell <br> Adrienne D. McEntee <br> Terrell Marshall Law Group, PLLC <br> 936 N. 34th St., Suite 300 <br> Seattle, WA 98103 <br><br> Alexander H. Burke <br> Burke Law Offices, LLC <br> 155 N. Michigan Ave., Suite 9020 <br> Chicago, IL 60601 <br><br> ***Attorneys for Plaintiff and the Settlement Class*** <br><br> Kenneth M. Kliebard <br> Morgan, Lewis & Bockius LLP <br> 77 West Wacker Drive <br> Chicago, Illinois 60601-5094 <br><br> Michael S. Kraut <br> Morgan, Lewis & Bockius LLP <br> 101 Park Avenue <br> New York, New York  10178-0060 <br><br> ***Attorneys for Defendant*** |

# THE FAIRNESS HEARING

### 12. When and where will the Court decide whether to approve the Settlement?

The Court will hold a hearing to decide whether to approve the Settlement. This Fairness Hearing will be held at _____ on _____, at the United States District Court for the Northern District of Illinois, 219 S. Dearborn St., Chicago, Illinois 60604, in Courtroom 2103. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check the Settlement Website for updates. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate, and whether to award Class Counsel attorneys' fees, expenses, and an incentive award to the Class Representative as described above, and in what amount. If there are objections, the Court will consider them. At or after the hearing, the Court will decide whether to approve the Settlement. We do not know how long it will take the Court to issue its decision. You do not have to come to this hearing, but you may attend at your own expense. However, any Settlement Class Member who fails to object to the Settlement in the manner described in section 11 shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by appeal or other means.

### 13. May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must file a notice with the Court saying that you intend to appear at the Fairness Hearing in *Snyder, et al. v. U.S. Bank, N.A., et al,* Case No. 1:16-cv-11675 (N.D. Ill.). Be sure to include your full name, address, and telephone number, as well as copies of any papers, exhibits or other evidence that you intend to present to the Court. Your notice of intention to appear must be filed no later than [date]. Copies of your notice of

intent to appear must also be sent to the attorneys for the Plaintiff and Settlement Class and to the attorneys for Defendant at the addresses provided above. You may not be permitted to speak at the hearing if you exclude yourself from the Settlement or do not file a timely notice of intent to appear.

## IF YOU DO NOTHING

**14. What happens if I do nothing at all?**

If you do nothing, and are a Class Member, you will not receive a payment after the Court approves the Settlement and any appeals are resolved. In order to receive a payment, you must submit a claim form. Unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against DBNTC regarding the legal issues in this case.

## GETTING MORE INFORMATION

**15. How do I get more information?**

This Notice summarizes the proposed Settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement by calling the Settlement Administrator toll-free at 1-XXX-XXX-XXXX, writing to: DBNTC TCPA Settlement, c/o [Administrator], [Address]; or visiting the website at www.DBNTC-TCPASettlement.com, where you will also find answers to common questions about the Settlement, a claim form, plus other information to help you determine whether you are a Class Member and whether you are eligible for a payment.

**En el sitio web, www.DBNTC-TCPASettlement.com, hay una notificación completa del acuerdo en Español.**

— **EXHIBIT  D** —

*Snyder, et al. v. U.S. Bank, N.A., et al*
**U.S.D.C., Northern District of Illinois, Case No. 1:16-cv-11675**

Settlement Administrator          Toll Free Number: **x-xxx-xxx-xxxx**
PO Box [_____]          Website: w**ww.DBNTC-TCPASettlement.com**
[_____]

<<mail id>>
<<Name1>>
<<Name2>>
<<Address1>>
<<Address2>>
<<City>><<State>><<Zip>>

## ELECTRONIC CLAIM FORM

TO RECEIVE BENEFITS FROM THIS SETTLEMENT, YOU MUST PROVIDE
**ALL** OF THE INFORMATION BELOW AND YOU MUST ELECTRONICALLY **SIGN** THIS CLAIM FORM.

YOUR CLAIM FORM MUST BE **SUBMITTED** BY _____, 2020.

1. **CLAIMANT INFORMATION:**

_____ _____ _____
FIRST NAME                     MIDDLE NAME      LAST NAME

_____
ADDRESS 1

_____
ADDRESS 2

_____ _____ _____ - _____
CITY                                        STATE     ZIP       (optional)

CONTACT PHONE NUMBER:          CELL PHONE NUMBER TO WHICH YOU RECEIVED A CALL:

(XXX) XXX – XXXX                (XXX) XXX - XXXX

2. **CERTIFICATION:**

By signing and submitting this Claim Form, I certify that I received a call from Ocwen on the above cell phone number, and was the subscriber or regular user of the cell phone number.

Signature: _____

Date: _____

**Para ver este aviso en español, visite www.DBNTC-TCPASettlement.com.**

**For more information, visit www.DBNTC-TCPASettlement.com.**

— **EXHIBIT E** —

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KEITH SNYDER, SUSAN MANSANAREZ, and TRACEE A. BEECROFT, individually and on behalf of all others similarly situated, | NO. 1:16-cv-11675 |
| Plaintiffs, | Class Action |
| v. | Jury Trial Demand |
| U.S. BANK N.A., WILMINGTON TRUST, N.A., CITIBANK, N.A., and DEUTSCHE BANK NATIONAL TRUST COMPANY, individually and in their Capacities as Trustees, | Honorable Matthew F. Kennelly |
| Defendants. | |

[PROPOSED] ORDER (1) CONDITIONALLY CERTIFYING A SETTLEMENT
CLASS, (2) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT,
(3) APPROVING NOTICE PLAN, AND (4) SCHEDULING FINAL APPROVAL HEARING

Upon review and consideration of Plaintiff Tracee Beecroft's Motion for Preliminary

Approval of Class Action Settlement, including the Parties' Settlement Agreement and Release

(the "Settlement Agreement" or "Agreement") and all exhibits thereto, and the arguments of

counsel, and having been fully advised in the premises, it is HEREBY ORDERED, ADJUDGED

and DECREED as follows:

1.     **Settlement Terms**.  Unless otherwise defined herein, all capitalized terms in this

Order shall have the meanings ascribed to them in the Agreement.

2.      **Jurisdiction**.  The Court has jurisdiction over the subject matter of the Litigation, the Parties, and all members of the Settlement Class.

3.      **Scope of Settlement.**  The Agreement resolves all Released Claims against DBNTC in all capacities, including individual and trustee capacities, and each of its respective divisions, parents, subsidiaries, predecessors, investors, parent companies, and Affiliates, whether past or present, any direct or indirect subsidiary of DBNTC and each of their respective divisions, parents, subsidiaries, predecessors, investors, parent companies, and Affiliates, whether past or present, and all of the officers, directors, employees, agents, brokers, distributors, representatives, and attorneys of all such entities. For the avoidance of doubt, Ocwen is not a Released Person with respect to claims for breach or indemnification that DBNTC has or may have. "Released Claims" relate to or arise out of Ocwen's alleged use of equipment or methods to contact or attempt to contact Settlement Class Members by telephone for servicing or debt collection purposes during the Settlement Class Period, including but not limited to claims that relate to or arise out of Ocwen's use of an "automatic telephone dialing system" or "artificial or prerecorded voice" as defined in the Telephone Consumer Protection Act.

4.      **Preliminary Approval of Proposed Settlement.**  The Court has conducted a preliminary evaluation of the Settlement as set forth in the Agreement. Based on this preliminary evaluation, the Court finds that: (a) the Settlement is fair, reasonable and adequate, and within the range of possible approval; (b) the Settlement has been negotiated in good faith at arm's length between experienced attorneys familiar with the legal and factual issues of this case; (c) with respect to the forms of notice of the material terms of the Settlement to persons in the Settlement Class for their consideration (Exs. A, B, and C to the Agreement), that notice provides due and sufficient notice to the Settlement Class and fully satisfies the requirements of

due process and Federal Rule of Civil Procedure 23; and (d) with respect to the proposed notice plan, the notice program constitutes the best notice practicable under the circumstances. Therefore, the Court grants preliminary approval of the Settlement.

5. **Class Certification for Settlement Purposes Only.** Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court conditionally certifies for purposes of this Settlement only, the following Settlement Class:

> All persons who were called by Ocwen on the 339,123 unique cell phone numbers listed on Exhibit G to this Settlement Agreement (filed with the Court under seal) using its Aspect dialing system between December 28, 2012 and December 3, 2019 ("Settlement Class Period"). Excluded from the Settlement Class are: (i) those persons who were called by Ocwen using its Aspect dialing system during the Settlement Class Period only on numbers not included on Exhibit G; (ii) individuals who are or were during the Settlement Class Period officers or directors of DBNTC or any of its Affiliates; (iii) any justice, judge, or magistrate judge of the United States or any State, their spouses, and persons within the third degree of relationship to either of them, or the spouses of such persons; and (iv) all individuals who file a timely and proper request to be excluded from the Settlement Class.

6. The Court makes the following determinations as to certification of the Settlement Class:

a. The Settlement Class is so numerous that joinder of all members is impracticable;

b. There are questions of law or fact common to the members of the Settlement Class;

c. The claims of the Plaintiff are typical of the claims of the other members of the Settlement Class;

d. Plaintiff are capable of fairly and adequately protecting the interests of the members of the Settlement Class, in connection with the Settlement Agreement;

e. Common questions of law and fact predominate over questions affecting only individual members of the Settlement Class;

      f.      The Settlement Class is ascertainable; and

      g.      Resolution of the Released Claims in this Consolidated Litigation by way of a nationwide settlement is superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class.

7.      **Designation of Class Representatives.**  The Court appoints Plaintiff Tracee A. Beecroft as representative of the Settlement Class ("Class Representative") for the sole purpose of seeking a settlement of the Litigation.

8.      **Designation of Class Counsel.**  The law firms of Burke Law Offices, LLC, Terrell Marshall Law Group PLLC, and Heaney Law Firm, LLC, are hereby designated as Class Counsel for the Settlement Class.

9.      **Final Approval Hearing.**  A hearing regarding final approval of the Settlement will be held at \_\_\_ a.m/p.m. on _____, to determine, among other things, whether to: (i) finally approve the Settlement as fair, reasonable, and adequate; (ii) dismiss the Released Claims in the Litigation with prejudice pursuant to the terms of the Settlement Agreement; (iii) bind Settlement Class Members by the Releases set forth in the Settlement Agreement; (iv) permanently bar Settlement Class Members who have not opted out of the Settlement from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action in any jurisdiction based on the Released Claims; (v) find that the Class Notice as given was the best notice practicable under the circumstances, is due and sufficient notice to the Settlement Class, and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23; (vi) approve the plan of distribution of the Settlement Fund; (vii) finally certify the Settlement Class; and (viii) approve requested Plaintiff's Attorneys' Fees and Expenses and the proposed Incentive Award to Plaintiff.

10.    **Settlement Administrator.** _____ is hereby appointed as the

Settlement Administrator and shall be required to perform all the duties of the Settlement

Administrator as set forth in the Agreement and this Order.

11.    **Class Notice.**

a.    The Court approves the Class Notice in the Settlement Agreement,

including the Mail, Email, and Website Notices attached as Exhibits A, B, and C to the

Settlement Agreement and the manner of providing Mail and Email Notice to Settlement Class

Members described in Section 6 of the Settlement Agreement.  The Court finds that this is the

best practicable notice under the circumstances and is reasonably calculated, under all the

circumstances, to apprise the Settlement Class Members of the pendency of this Action, the

terms of the Settlement Agreement, and their right to object to the Settlement Agreement or

exclude themselves from the Settlement Class.  The Court further finds that the Mail, Email, and

Website Notices are reasonable, constitute due, adequate, and sufficient notice to all persons

entitled to receive notice, and meet the requirements of due process. The Court hereby directs the

Parties and the Settlement Administrator to complete all aspects of the Notice Plan no later than

_____, 2020 ("Notice Deadline").

b.    The Settlement Administrator will file with the Court by no later than

_____, 2020, which is fourteen (14) days prior to the Final Approval Hearing, proof that

notice was provided in accordance with the Agreement and this Order.

c.    DBNTC shall comply with the obligation to give notice under the Class

Action Fairness Act, 28 U.S.C. § 1715, in connection with the proposed settlement.  No later

than 10 calendar days before the Final Approval Hearing, counsel for DBNTC shall file with the

Court one or more declarations stating that DBNTC has complied with its notice obligations under 28 U.S.C. § 1715.

12. **Exclusion from the Settlement Class.** Any potential Settlement Class Member who wishes to be excluded from the Class must send a written Request for Exclusion to the Settlement Administrator, by first-class mail, postage prepaid, to the address provided in the Mail Notice and Settlement Website. Any such Request for Exclusion must be postmarked no later than ninety (90) Days after the Mail Notice Deadline.

a. To be valid, the Request for Exclusion must: (a) identify the name and address of the potential Settlement Class Member requesting exclusion; (b) provide the cell phone number(s) at which that potential Settlement Class Member was called by Ocwen during the Settlement Class Period; (c) be personally signed by the potential Settlement Class Member requesting exclusion; and (d) contain a statement that reasonably indicates a desire to be excluded from the Settlement.

b. Except for those potential members of the Settlement Class who timely and properly file a Request for Exclusion, all other potential members of the Settlement Class will be deemed to be Settlement Class Members for all purposes under the Agreement, and upon Final Approval, will be bound by its terms, regardless of whether they receive any monetary relief or any other relief, including, but not limited to, the Releases in Section 10 of the Settlement Agreement.

c. If 1,200 or more potential members of the Settlement Class properly and timely opt out of the Settlement, then the Settlement may be deemed null and void upon notice by DBNTC without penalty or sanction.

13. **Objections and Appearances.** Any Settlement Class Member who has not filed a timely written Request for Exclusion and who complies with the requirements of this Paragraph may object to any aspect of the proposed Settlement either on his or her own or through an attorney hired at his or her expense. Any Settlement Class Member who wishes to object to the Settlement must do so in writing not later than ninety (90) Days after the Mail Notice Deadline, as specified in the Class Notice and this Preliminary Approval Order. The written objection must be filed with the Clerk of Court, and mailed (with the requisite postmark) to Class Counsel and Defense Counsel, no later than ninety (90) Days after the Mail Notice Deadline, at the following addresses:

> <u>Class Counsel</u>
>
> Alexander H. Burke
> Burke Law Offices, LLC
> 155 N. Michigan Ave., Suite 9020
> Chicago, Illinois 60601
>
> Beth E. Terrell
> Terrell Marshall Law Group PLLC
> 936 North 34th Street, Suite 300
> Seattle, Washington 98103-8869
>
> Counsel for Plaintiff and Settlement Class
>
> <u>Defense Counsel</u>
>
> Kenneth Michael Kliebard
> Morgan, Lewis & Bockius LLP
> 77 West Wacker Drive
> Chicago, Illinois 60601-5094
>
> Michael S. Kraut
> Morgan, Lewis & Bockius LLP
> 101 Park Avenue
> New York, New York 10178-0060
>
> Counsel for DBNTC

14.     A valid written objection must include: (a) the name, address, and telephone number of the objecting Settlement Class Member and, if different, the cellular telephone number at which the Settlement Class Member was called by Ocwen during the Settlement Class Period; (b) if represented by counsel, the name, address, and telephone number of his or her counsel; (c) the basis for the objection; and (d) a statement of whether the Settlement Class Member objecting intends to appear at the Final Approval Hearing, either with or without counsel;

15.     Any Settlement Class Member who fails to object to the Settlement in the manner described in the Class Notice and in this Order shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by appeal or other means;

16.     Subject to approval of the Court, any Class Member who files and serves a written objection in accordance with Section 12 of the Settlement Agreement and the Class Notice may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, but only if the objecting Settlement Class Member: (a) files with the Clerk of the Court a notice of intention to appear at the Final Approval Hearing by the Objection Deadline ("Notice Of Intention To Appear"); and (b) serves the Notice of Intention to Appear on all counsel designated in the Class Notice by the Objection Deadline.  The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member will present to the Court in connection with the Final Approval Hearing.  Any Settlement Class Member who does not file a Notice of Intention to Appear in

accordance with the deadlines and other specifications set forth in the Agreement and Class Notice shall not be entitled to appear at the Final Approval Hearing or raise any objections.

17. **Service of Papers.** Defense Counsel and Class Counsel shall serve on each other and on all other parties who have filed notices of appearance, at or before the Final Approval Hearing, any further documents in support of the proposed Settlement, including responses to any papers filed by Settlement Class Members. Defense Counsel and Class Counsel shall promptly furnish to each other any and all objections or written requests for exclusion that may come into their possession and shall file such objections or requests for exclusion with the Court on or before the date of the Final Approval Hearing.

18. **Termination of Settlement.** This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (i) the proposed Settlement is not finally approved by the Court, or does not become Final, pursuant to the terms of the Settlement Agreement; or (ii) the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement for any reason. In such event, and except as provided therein, the proposed Settlement and Settlement Agreement shall become null and void and be of no further force and effect; the preliminary certification of the Settlement Class for settlement purposes shall be automatically vacated; and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification.

19. **Use of Order Following Termination of Settlement.** This Order shall be of no force and effect if the Settlement does not become Final. This Order shall not be offered by any person as evidence in any action or proceeding against any Party hereto in any court, administrative agency, or other tribunal for any purpose whatsoever, other than to enforce or otherwise effectuate the Settlement Agreement (or any agreement or order relating thereto),

including the Releases, or this Order. Neither shall this Order be offered by any person or received against any of the Released Parties as evidence or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Released Parties of:

      a.      the truth of the facts alleged by any person or the validity of any claim that has been or could have been asserted in the Consolidated Litigation or in any litigation, or other judicial or administrative proceeding, or the deficiency of any defense that has been or could have been asserted in the Consolidated Litigation or in any litigation, or of any liability, negligence, fault or wrongdoing of any of the Released Parties;

      b.      any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Released Parties or any other wrongdoing by any of the Released Parties; or

      c.      any liability, negligence, fault, or wrongdoing in any civil, criminal, or administrative action or proceeding by any of the Released Parties.

20.    **Necessary Steps.** The Court authorizes the Parties to take all necessary and appropriate steps to implement the Settlement Agreement.

21.    **Schedule of Future Events**. Accordingly, the following are the deadlines by which certain events must occur:

| | |
|---|---|
| _____, 2020<br><br>[45 days after the date of this Order] | Deadline for notice to be provided in accordance with the Agreement and this Order (Notice Deadline) |
| _____, 2020<br><br>[30 days after the Notice Deadline] | Deadline for filing of Plaintiff's Motion for Attorneys' Fees and Costs and Service Award |
| _____, 2020<br><br>[90 days after the Notice Deadline] | Deadline to file objections or submit requests for exclusion (Opt-Out and Objection Deadline) |

| | |
|---|---|
| **_____, 2020**<br><br>[90 days after the Notice Deadline] | Deadline for Settlement Class Members to Submit a Claim Form (Claim Period) |
| **_____, 2020**<br><br>[100 days after the Notice deadline] | Deadline to File Motion for Final Approval |
| **_____, 2020**<br><br>[7 Days Prior to Filing Motion for Final Approval] | Deadline for Settlement Administrator to Provide Class Counsel with Proof of Class Notice, Identifying the Number of Requests for Exclusion, and Number of Claims Received |
| **_____, 2020**<br><br>[10 Days Prior to Final Approval Hearing] | DBNTC Shall File with the Court One or More Declarations Stating that DBNTC has Complied with its Notice Obligations under the Class Action Fairness Act |
| **_____, 2020 at _____ _.m.**<br><br>[No earlier than 120 days after Notice Deadline] | Final Approval Hearing |

DONE and ORDERED in Chambers in Chicago, Illinois, this _____ day of _____, 2017.


_____
Matthew F. Kennelly
UNITED STATES DISTRICT JUDGE


cc: All Counsel of Record

— **EXHIBIT  F** —

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KEITH SNYDER, SUSAN MANSANAREZ, and TRACEE A. BEECROFT, individually and on behalf of all others similarly situated,<br><br><br>Plaintiffs,<br><br>v.<br><br><br>U.S. BANK N.A., WILMINGTON TRUST, N.A., CITIBANK, N.A., and DEUTSCHE BANK NATIONAL TRUST COMPANY, individually and in their Capacities as Trustees,<br><br><br>Defendants. | NO. 1:16-cv-11675<br><br><br><br>Class Action<br><br><br><br>Jury Trial Demand<br><br><br><br>Honorable Matthew F. Kennelly |

**[PROPOSED] ORDER GRANTING FINAL**
**APPROVAL OF CLASS ACTION SETTLEMENT**
**AND DISMISSING CLASS PLAINTIFF'S CLAIMS**

      This Court, having held a Final Approval Hearing on _____, having provided notice of that hearing in accordance with the Preliminary Approval Order, and having considered all matters submitted to it in connection with the Final Approval Hearing and otherwise, and finding no just reason for delay in entry of this Order Granting Final Approval of Class Action Settlement and Dismissing Class Plaintiff's Claims (the "Final Approval Order" or this "Order") and good cause appearing therefore,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.     Unless otherwise defined, all capitalized terms in this Final Approval Order shall have the same meaning as they do in the Settlement Agreement.

2.     The Court has jurisdiction over the subject matter of the Consolidated Litigation and over the Parties, including all Settlement Class Members with respect to the Settlement Class certified for settlement purposes, as follows:

> All persons who were called by Ocwen on the 339,123 unique cell phone numbers listed on Exhibit G to this Settlement Agreement (filed with the Court under seal) using its Aspect dialing system between December 28, 2012 and December 3, 2019 ("Settlement Class Period"). Excluded from the Settlement Class are: (i) those persons who were called by Ocwen using its Aspect dialing system during the Settlement Class Period only on numbers not included on Exhibit G; (ii) individuals who are or were during the Settlement Class Period officers or directors of DBNTC or any of its Affiliates; (iii) any justice, judge, or magistrate judge of the United States or any State, their spouses, and persons within the third degree of relationship to either of them, or the spouses of such persons; and (iv) all individuals who file a timely and proper request to be excluded from the Settlement Class.

3.     The Court finds that the Settlement Agreement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of the Consolidated Litigation and of the strengths and weaknesses of their respective positions. Further, settlement occurred only after the parties negotiated over a period of many weeks. Counsel for the Parties were therefore well positioned to evaluate the benefits of the Settlement Agreement, taking into account the expense, risk, and uncertainty of protracted litigation with respect to numerous difficult questions of fact and law.

4.     The Court finally certifies the Settlement Class for settlement purposes and finds, for settlement purposes, that the Consolidated Litigation satisfies all the requirements of Rule 23 of the Federal Rules of Civil Procedure. Specifically: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Plaintiff are

typical of the claims of the Settlement Class she seeks to represent; (d) Plaintiff has and will continue to fairly and adequately represent the interests of the Settlement Class for purposes of entering into the Settlement Agreement; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; (f) the Settlement Class is ascertainable; and (g) a class action settlement is superior to the other available methods for the fair and efficient adjudication of the controversy.

5.     The Court finally appoints the law firms of Burke Law Offices, LLC, Terrell Marshall Law Group PLLC, and Heaney Law Firm, LLC, as Class Counsel for the Settlement Class.

6.     The Court finally designates Plaintiff Tracee A. Beecroft as the Class Representative.

7.     The Court makes the following findings and conclusions regarding notice to the Settlement Class:

a.     The Class Notice was disseminated to persons in the Settlement Class in accordance with the terms of the Settlement Agreement and the Class Notice and its dissemination were in compliance with the Court's Preliminary Approval Order;

b.     The Class Notice:(i) constituted the best practicable notice under the circumstances to potential Settlement Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Consolidated Litigation, their right to object or to exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing, (iii) was reasonable and constituted due, adequate, and sufficient individual notice to all persons entitled to be provided

with notice, and (iv) complied fully with the requirements of Fed. R. Civ. P. 23, the United

States Constitution, the Rules of this Court, and any other applicable law.

      c.    The Court finds that Defendant has complied with its notice obligations

under the Class Action Fairness Act, 28 U.S.C. § 1715, in connection with the proposed

Settlement.

8.    The Court finally approves the Settlement Agreement as fair, reasonable and

adequate pursuant to Fed. R. Civ. P. 23(e).  The terms and provisions of the Settlement

Agreement, including all exhibits thereto, have been entered into in good faith and are hereby

fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of,

each of the Parties and the Settlement Class Members.

9.    The Court approves the plan of distribution for the Settlement Fund as set forth in

the Settlement Agreement. The Settlement Administrator is ordered to comply with the terms of

the Agreement with respect to distribution of Settlement Relief, including a second payment, if

feasible. Should any unclaimed funds be distributed, the Court hereby approves Public Justice

Foundation as the recipient who shall receive those unclaimed funds, after accounting for the

costs of administering that distribution. The Court finds this organization closely aligned with the

Settlement Class's interests.

10.    By incorporating the Agreement and its terms herein, this Court determines that

this Final Approval Order complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

11.    Class Counsel have moved pursuant to Fed. R. Civ. P. 23(h) and 52(a) for an

award of attorneys' fees and reimbursement of expenses. Pursuant to Rules 23(h)(3) and 52(a)

this Court makes the following findings of fact and conclusions of law:

a.     that the Class Settlement confers substantial benefits on the Settlement

Class Members;

b.     that the value conferred on the Settlement Class is immediate and readily

quantifiable;

c.     that within 60 days after the Final Settlement Date, Settlement Class

Members who have submitted valid Claim Forms will receive cash payments that represent a

significant portion of the damages that would be available to them were they to prevail in an

individual action under the TCPA;

d.     that Class Counsel vigorously and effectively pursued the Settlement

Class Members' claims before this Court in this complex case;

e.     that the Class Settlement was obtained as a direct result of Class Counsel's

advocacy;

f.     that the Class Settlement was reached following extensive negotiation

between Class Counsel and Counsel for DBNTC, and was negotiated in good faith and in the

absence of collusion;

g.     that counsel who recover a common benefit for persons other than himself

or his client is entitled to a reasonable attorneys' fee from the Settlement Fund as a whole. *See,

e.g., Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *Blum v. Stenson*, 465 U.S. 866, 900

n.16 (1984).

12.     Accordingly, Class Counsel are hereby awarded $_____ for

attorneys' fees and $_____ in litigation expenses from the Settlement Fund, which this

Court finds to be fair and reasonable, and which amount shall be paid to Class Counsel from the

Settlement Fund in accordance with the terms of the Settlement Agreement. Class Counsel shall

be responsible for allocating and shall allocate this award of attorneys' fees, costs, and expenses that are awarded amongst and between Class Counsel.

13.     The Class Representative, as identified in the Preliminary Approval Order, is hereby compensated in the amount of $_____ for her efforts in this case.

14.     The terms of the Settlement Agreement and of this Final Approval Order, including all exhibits thereto, shall be forever binding in all pending and future lawsuits maintained by Plaintiff and all other Settlement Class Members, and anyone claiming through them such as heirs, administrators, successors, and assigns.

15.     The Releases, which are set forth in Section 10 of the Settlement Agreement and which are also set forth below, are expressly incorporated herein in all respects and are effective as of the date of this Order; and the Released Persons are fully, conclusively, irrevocably, forever, and finally released, relinquished, and discharged by the Releasing Persons from all Released Claims.

        a.     <u>Released Claims of Settlement Class.</u>  Upon Final Approval, each member of the Settlement Class shall, by operation of the Judgment, be deemed to have fully, conclusively, irrevocably, forever, and finally released, relinquished, and discharged the Released Persons in all capacities, including individual and trustee capacities, from any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or

6

unliquidated, punitive or compensatory, as of the date of Final Approval, that relate to or arise out of Ocwen's alleged use of equipment or methods to contact or attempt to contact Settlement Class Members by telephone for servicing or debt collection purposes during the Settlement Class Period, including but not limited to claims that relate to or arise out of Ocwen's use of an "automatic telephone dialing system" or "artificial or prerecorded voice" as defined in the Telephone Consumer Protection Act. Without in any way limiting their scope, the Released Claims cover by example and without limitation, any and all claims for attorneys' fees, costs, expert fees, or consultant fees, interest, or litigation fees, or any other fees, costs, and/or disbursements incurred by Class Counsel, Plaintiff, or any Settlement Class Members in connection with or related in any manner to this Settlement, the administration of this Settlement, and/or the Released Claims, except to the extent otherwise specified in the Settlement Agreement.

        b.       In connection with the Releases and without expanding their scope in any way, Plaintiff and each Settlement Class Member shall be deemed, as of the date of Final Approval, to have waived any and all provisions, rights, and benefits conferred by Section 1542 of the California Civil Code, and any statute, rule and legal doctrine similar, comparable, or equivalent to California Civil Code Section 1542, which provides that:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, which if known by him or her, would have materially affected his or her settlement with the debtor or released party.

To the extent that anyone might argue that these principles of law are applicable, the provisions of all such principles of law or similar federal or state laws, rights, rules, or legal principles, to the extent they are found to be applicable herein, are hereby knowingly and voluntarily waived, relinquished, and released. Plaintiff and each Settlement Class Member is deemed to recognize

7

that even if they may later discover facts in addition to or different from those which they now know or believe to be true, they fully, finally, and forever settle and release any and all claims covered by these Releases upon entry of the Judgment. The Settling Parties acknowledge that the foregoing Releases were bargained for and are a material element of the Settlement Agreement.

   c.  The Settlement Agreement and the Releases therein do not affect the rights of Settlement Class Members who timely and properly submit a Request for Exclusion from the Settlement in accordance with the requirements in Section 11 of the Settlement Agreement.

   d.  The administration and consummation of the Settlement as embodied in the Settlement Agreement shall remain under the authority of this Court. This Court retains jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, enforcement of the Releases contained in the Settlement Agreement. This Court retains jurisdiction in order to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement.

   e.  Upon entry of the Final Approval Order and the Judgment: (i) the Settlement Agreement shall be the exclusive remedy for any and all Settlement Class Members, except those who have properly requested exclusion (opted out) in accordance with the terms and provisions of the Settlement Agreement; (ii) the Released Persons shall not be subject to liability or expense for any of the Released Claims to any Settlement Class Member(s) except as set forth in the Settlement Agreement; and (iii) Settlement Class Members who have not opted out shall be permanently barred from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action in any jurisdiction based on the Released Claims.

f. Nothing in the Settlement Agreement shall preclude any action to enforce the terms of the Settlement Agreement, including participation in any of the processes detailed therein. The Releases set forth therein are not intended to include the release of any rights or duties of the Settling Parties arising out of the Settlement Agreement, including the express warranties and covenants contained therein.

16. The Court dismisses all Released Claims, with prejudice, without costs to any Party, except as expressly provided for in the Settlement Agreement.

17. Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor this Order, nor any of its terms and provisions nor the Judgment to be entered pursuant to this Order, nor any of its terms and provisions, shall be:

a. offered by any person or received against any Released Person as evidence or construed as or deemed to be evidence of any presumption, concession, or admission by any Released Person of the truth of the facts alleged by any person or the validity of any claim that has been or could have been asserted in the Litigation or in any litigation, or other judicial or administrative proceeding, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any litigation, or of any liability, negligence, fault or wrongdoing of any Released Person; or

b. offered by any person or received against any Released Person as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Released Person or any other wrongdoing by any Released Person; or

9

        c.      offered by any person or received against any Released Person as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing in any civil, criminal, or administrative action or proceeding.

18.     This Order, the Judgment to be entered pursuant to this Order, and the Settlement Agreement (including the Exhibits thereto, except Exhibit G, which may only be filed under seal) may be filed in any action against or by any Released Person to support a defense of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

19.     Without further order of the Court, the Settling Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

20.     This Order and the Judgment to be entered pursuant to this Order shall be effective upon entry. In the event that this Order and/or the Judgment to be entered pursuant to this Order are reversed or vacated pursuant to a direct appeal in the Litigation or the Settlement Agreement is terminated pursuant to its terms, all orders entered and releases delivered in connection herewith shall be null and void.

21.     A Judgment substantially in the form attached hereto as Exhibit F-1 will be entered forthwith.

DONE and ORDERED in Chambers in Chicago, Illinois, this _____ day of _____, 20___.

 

                              _____
                              Matthew F. Kennelly
                              UNITED STATES DISTRICT JUDGE

— **EXHIBIT F-1** —

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| KEITH SNYDER, SUSAN MANSANAREZ, and TRACEE A. BEECROFT, individually and on behalf of all others similarly situated, | NO. 1:16-cv-11675 |
| Plaintiffs, | Class Action |
| v. | Jury Trial Demand |
| U.S. BANK N.A., WILMINGTON TRUST, N.A., CITIBANK, N.A., and DEUTSCHE BANK NATIONAL TRUST COMPANY, individually and in their Capacities as Trustees, | Honorable Matthew F. Kennelly |
| Defendants. |  |

<u>JUDGMENT IN A CIVIL ACTION</u>

In accordance with the Court's Order Granting Final Approval of Class Action Settlement and Dismissing Class Plaintiff's Claims ("Final Approval Order") of _____, 2020 (Doc. _____), the Class Action Settlement is approved, the parties are ordered to perform their obligations under the Settlement Agreement, the Court dismisses Plaintiff's claims against DBNTC with prejudice and without costs (except as otherwise provided in the Final Approval Order and Judgment), the Releasing Parties are forever barred and permanently enjoined as set forth in the Final Approval Order, and all other terms, conditions, and requirements of said order, and the underlying Settlement Agreement, are incorporated herein.

DONE and ORDERED in Chambers in Chicago, Illinois, this _____ day of
_____, 2020.

_____
Matthew F. Kennelly
UNITED STATES DISTRICT JUDGE

# FILED UNDER SEAL

# — EXHIBIT  G —